561 A.2d 1231

**James R. MARTIN, Appellant**

v.

**Grace G. MARTIN.**

Superior Court of Pennsylvania.

Argued Feb. 27, 1989.

Filed July 7, 1989.

Michael A. Johnson, Mount Pleasant, for appellant.

Joseph M. George, Uniontown, for appellee.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, McEWEN, OLSZEWSKI, BECK, TAMILIA, POPOVICH and JOHNSON, JJ.

BROSKY, Judge:

This is an appeal from the Order of the trial court granting the parties a decree in divorce and directing an award of equitable distribution between the parties.

Appellant raises the following issues for our consideration: (1) whether the trial court had the jurisdictional ability to make the Order it did; and (2) whether the trial court properly held that appellant's Veteran's Disability Compen-

sation Benefits constituted marital property subject to equitable distribution under the Pennsylvania Divorce Code.

For the reasons that follow, we now vacate that part of the order as it pertains to equitable distribution, and remand for further proceedings consistent with this opinion. The provision in the order which grants the parties' divorce is affirmed.

Appellant-husband and appellee-wife were married on June 17, 1950. Eleven children were born of the marriage; nine are surviving. During the majority of the time that the parties lived together appellant was a member of the Armed Services. In 1983 appellant filed a complaint in divorce alleging that the parties had been separated for a period in excess of three years and that the marriage was irretrievably broken.

Appellee made a claim for equitable distribution which was referred to the Master. A hearing was held on the matter on April 29, 1987. At the hearing appellant testified that he was forced to terminate his service with the U.S. Air Force because of a physically disabling injury received while in the Air Force. The monies he has received since his termination have been in the form of Veteran's Administration Disability Compensation Benefits, and not military retirement pay.

On September 11, 1987, the Master filed a report and recommendation, wherein he concluded that appellant's Veteran's Administration Disability Compensation Benefits are marital property subject to equitable distribution, and awarded 60 percent of the benefits to appellant and 40 percent to appellee.

Appellant filed exceptions to the Master's report. The trial court, however, dismissed the exceptions and adopted the recommendations of the Master. This appeal followed.

The determination of whether appellant's disability pay is distributable as marital property ultimately revolves around

the interplay of Federal and Pennsylvania law. Both parties present law which, they contend, and with which we would agree, supports their position that appellant's disability pay is or is not subject to distribution. According to appellant, federal law (the Uniformed Services Former Spouse's Protection Act) prohibits distribution of his disability benefits. Appellee, asserts, however, that distribution is allowable and called for under Pennsylvania law.

Generally speaking, in matters of a domestic nature, including divorce and property settlement, the Federal government and courts refrain from infringing upon or impinging on the individual states authority to govern such matters. On certain occasions, however, there is a deviation from the general position. The matter of military pensions is one area where such a deviation has occurred.

Previously, under then governing federal law, military retirement pay was completely excluded from possible distribution as marital or community property, and although certain state laws purported to consider such retirement pay differently, the inability of the states to alter this treatment was determined by the United States Supreme Court in its decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). The Court reasoned that to allow the states to alter the non-divisible status of such retirement pay would do "clear damage" to the Congressional intent that such pay reach the veteran and no one else. The Court thus concluded that to the extent a state law conflicted with federal law on divisibility of military pensions by considering such pension a marital asset, the state law was pre-empted by the Federal law. The Court did opine, however, that if Congress felt otherwise it was free to change the statutory framework governing the matter.

In response to the *McCarty* decision, Congress passed the Uniformed Services Former Spouses Protection Act which loosened or modified the non-divisible stance previously

espoused. Under the Act, at 10 U.S.C. § 1408(c)(1), a service member's *"disposable retired ... pay"* may be treated "as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction." Thus, the new Act allowed the states to decide whether or not such retirement pay shall be divisible as marital property.

Appellant argues, however, that disability pay, and retirement pay waived in order to receive disability pay, are exempt from the scope of the Former Spouses Protection Act and thus, retain a non-divisible status. It is exempt, it is argued, because it is explicitly excluded from the definition of disposable retired pay and thus, not of the class which the states are free to treat as marital property.

"Disposable retired pay" is defined by the Act as follows:

(4) *"Disposable retired ... pay"* means the total monthly retired ... pay to which a member is entitled ... less amounts which—

(B) *are required by law to be and are deducted from the retired ... pay of such member, including* fines and forfeitures by court-martial, Federal employment taxes, and *amounts waived in order to receive compensation under ... title 38.*

10 U.S.C.S. §§ 1408(a)(4)(B) (emphasis added). Under the statutory scheme, in order for a service member to obtain the *V.A. disability* benefits to which he is entitled, the member has to waive the amount of his retired pay equal to the amount of V.A. disability compensation he is entitled to receive. Instantly, appellant had to waive *all* of his pension in order to receive disability benefits, as the disability represented a larger sum than his pension. And since, according to the federal statute, the amount of pension waived in order to receive disability compensation is expressly *disallowed* as distributable income, appellant would have no "disposable retired pay", within the terms of the Act, to speak of.

Additionally, and important to our analysis as we shall soon disclose, 38 U.S.C.S. § 3101(a) states the following:

**§ 3101. Nonassignability and exempt status of benefits**

(a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary....

This, presumably, would also act as a bar to distribution of appellant's disability benefits.

The Pennsylvania Divorce Code, however, takes a different approach toward disability benefits, and appellee asserts that its provisions support the actions of the trial court. 23 P.S. § 401(e)(6) states:

For purposes of this chapter only, "marital property" means all property acquired by either party during the marriage except:

Veterans' benefits exempt from attachment or seizure pursuant to the Act of September 2, 1958 public law 85–857, 72 statute 1229, as amended, *except for those benefits received by a veteran where such veteran has waived a portion of his military retirement pay in order to receive veterans' compensation.* (emphasis added).

Appellant's VA compensation is exempt from attachment under § 3101 quoted above and, as such, under the first part of the above quoted portion of the Divorce Code, would likewise be excluded from marital property. However, appellant's compensation is brought back within the definition of marital property due to the fact that appellant waived retirement pay in order to receive it. Thus, it appears that the Pennsylvania statute is in direct conflict with 10 U.S. C.S. § 1408(a)(4), in that it expressly *includes* as distributa-

ble property those benefits received as a result of having waived military retirement pay. It was this provision upon which the Master and the trial court relied when permitting distribution of appellant's disability benefits. Thus, we turn to the matter of resolving the conflict between federal and state law.

The United States Supreme Court has explained the right of state law to control as follows:

> Insofar as marriage is within temporary control, the States lay on the guiding hand. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–594, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890). Federal courts repeatedly have declined to assert jurisdiction over divorces that presented no federal question. See, e.g., *Ohio ex rel. Popovici v. Agler*, 280 U.S. 379, 50 S.Ct. 154, 74 L.Ed. 489 (1930). On the rare occasion when state family law has come into conflict with a federal statute, this Court has limited review under the Supremacy Clause to a determination whether Congress has "positively required by direct enactment" that state law be pre-empted. *Wetmore v. Markoe*, 196 U.S. 68, 77, 25 S.Ct. 172, 176, 49 L.Ed. 390 (1904). A mere conflict in words is not sufficient. State family and family-property law must do "major damage" to "clear and substantial" federal interests before the Supremacy Clause will demand that state law be overriden. *United States v. Yazell*, 382 U.S. 341, 352, 86 S.Ct. 500, 507, 15 L.Ed.2d 404 (1966).

*Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 808, 59 L.Ed.2d 1 (1979). Further, the Supreme Court stated: "[t]he approach must be practical. The federal nature of the benefits does not by itself, proscribe the entire field of state control ... The pertinent questions are whether the right as asserted conflicts with the express terms of federal law and whether its consequences sufficiently injure the

objectives of the federal program to require non recognition." *Id.* 99 S.Ct. at 809.

*Hisquierdo* involved the issue of whether Railroad Retirement Act benefits are divisible as community property in a divorce proceeding. There, the Court held that such payments were not to be considered community property as that would defeat the purpose of the Railroad Retirement Act. The Court reasoned that the Act was passed with the intention of providing an incentive for the employee to retire, and that by permitting that retirement amount to be diminished, it would frustrate the congressional objective. Further, the Court pointed out that, when passing the Act, Congress gave consideration to awarding a benefit to a divorced spouse but rejected the idea based upon the "perilous state of the Railroad Retirement Account, and the need to devote funds to other purposes." *Id.* at 810.[1]

There would appear to be little question as to whether or not state law regarding military pensions is pre-empted by Federal law to the extent the two are at odds. The previous discussion of *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), which barred states from recognizing the community interest in nondisability, military retirement benefits, speaks quite definitively on the issue in an affirmative fashion. The question remaining relevant to our decision here is the effect of passage of the Former Spouses Protection Act upon the issue of pre-emption. This question has been decided by the recent decision in *Mansell v. Mansell,* —— U.S. ——, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989).

The effect of the former Spouses Protection Act upon the pre-emption question was determined in a case out of California with very similar facts to the present case. In *Mansell,* the United States Supreme Court considered the distribution, per an agreement of the spouses, of military

---

**1.** We note that, following the decision in *Hisquierdo,* Congress amended the Railroad Retirement Act so that retirement annuities *could* be characterized as community property. 45 U.S.C. § 231m(b)(2) (1982 ed., Supp. III) (enacted in 1983).

disability pay and retirement pay. Appellant had challenged the arrangement and argued, to no avail, in California court, that the Former Spouses Protection Act did not allow the division of retirement pay waived in order to receive disability pay.

The United States Supreme Court held in *Mansell,* supra, that although the Act had been passed to modify the position of federal pre-emption set forth in *McCarty,* the Act did not restore authority to the states to determine questions of divisibility as to all types of military retirement pay. The Act, they concluded, authorized that discretion only as to "disposable retired or retainer pay" and further held that, since that term expressly excluded from its scope retirement pay waived to receive disability pay, the states were without authority to divide that property. Their statement in this regard was quite unequivocal.

> For the reasons stated above, we hold that the Former Spouses Protection Act does not grant state courts the power to treat, as property divisible upon divorce, military retirement pay that has been waived to receive veterans disability benefits. Id., —— U.S. at ——, 109 S.Ct. at 2031.

As such, it is clear that to the extent Pennsylvania's Divorce Code allows equitable distribution of VA disability retirement pay, or pay waived to receive disability pay, the Code is pre-empted by federal law and cannot be given effect.[2] Therefore, we must vacate the order of equitable distribution and remand this case to the trial court for a re-determination of equitable distribution.

Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

2. Our decision today should not be construed to impair the decision of a panel of this court in *Ciliberti v. Ciliberti,* 374 Pa.Super. 228, 542 A.2d 580 (1980). There the panel found that the portion of a police officer's disability pension which represented a retirement component could be divided as marital property. *Ciliberti* did not present a question of federal pre-emption and attempted only to provide a result consistent with the provisions of our Divorce Code.