COLIN M. JONES, Plaintiff-Appellant, *v.* NANCY ROSE R. JONES, Defendant-Appellee

NO. 13490

(FC-DIVORCE NO. 86-2930)

SEPTEMBER 15, 1989

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Plaintiff Colin M. Jones (Husband) appeals the division and distribution of property and debts portion[1] of the family court's September 6, 1988 Divorce Decree. Pursuant to Hawaii law and the recent United States Supreme Court opinion in *Mansell v. Mansell,* ____, U.S. ____, 109 S. Ct. 2023, 104 L. Ed. 2d 675 (1989), we vacate the appealed portion of the Divorce Decree and remand for further proceedings consistent with this opinion.

Listed chronologically, the relevant events in this case are as follows:

| Date | Event |
| --- | --- |
| July 8, 1935 | Husband's date of birth. |
| April 7, 1937 | Wife's date of birth. |
| June 3, 1957 | Husband entered the United States Navy. |
| December 23, 1957 | Date of marriage. |
| February 20, 1983 | Husband's heart attack. |
| October 1, 1983 | Husband placed on United States Navy's temporary disability retired list and credited with 26.75 years of service. |
| August 11, 1986 | Husband filed a complaint for divorce. |
| October 1, 1986[2] | Husband placed on United States Navy's permanent disability retired list. |
| September 6, 1988 | Divorce Decree entered. |

Permitted a choice between United States Navy (Navy) longevity pension benefits and tax-free disability pension benefits, Husband chose the latter. He further chose to receive as much of his disability pension benefits as he could from the Veterans Administration (V.A.). In 1988 Husband received $2,614.00 per month from the Navy and $683.00 per month from the V.A. He paid $305.35 per month for a Navy Survivor's Benefit Plan in favor of defendant Nancy Rose R. Jones (Wife).

---

[1] *See Eaton v. Eaton,* 7 Haw. App. ____, 748 P.2d 801 (1987).

[2] Finding of fact 20 states that Husband was transferred to the permanent disability retired list in May 1987. However, Plaintiff's Exhibits 5 and 6 indicate that the transfer was effective on October 1, 1986.

The family court divided what was apparently all category 5[3] property as follows:

| Item | Husband | Wife |
|---|---|---|
| Husband's Navy FCU | $ 9,062.00 | |
| Husband's Pearl Harbor FCU | 1,944.00 | |
| Wife's Navy FCU | | $ 4,553.00 |
| Husband's Dean Witter | 241,454.00 | |
| Wife's Merrill Lynch | | 21,186.00 |
| Husband's automobile | 2,000.00 | |
| Wife's automobile | | 800.00 |
| Residence | | 152,000.00 |
| Wife's federal civil service pension | | 7,424.00 |
| Navy Survivor's Benefit Plan | (31,000.00) | 83,006.00 |
| Husband's Navy and V.A. disability pensions | 335,584.00 | |
| Husband's IRA | 10,409.00 | |
| Wife's IRA | | 13,077.00 |
| Equalization payment | (143,703.00) | 143,703.00 |
| TOTAL | $425,750.00 | $425,749.00 |

We note that the family court reduced Husband's side of the ledger by $31,000.00 to reflect the reduction in the time-of-divorce value of his pensions caused by his obligation to pay for the Navy Survivor's Benefit Plan but increased Wife's side of the ledger by $83,006.00 to reflect the time-of-divorce value of the Navy Survivor's Benefit Plan.

Husband's appeal raises two issues which we now discuss and determine.

I.

Under federal and Hawaii law, can the $335,584.00 cash value of Husband's time-of-divorce entitlement to receive Navy and V.A. disability pay post-divorce be used as the basis for an award to Wife of other marital property of an equal cash value? Our answer is no.

---

[3] *See Malek v. Malek,* 7 Haw. App. ____, 768 P.2d 243 (1989).

*McCarty v. McCarty*, 453 U.S. 210, 101 S. Ct. 2728, 69 L. Ed. 2d 589 (1981), held that military retirement pay is not divisible in kind in divorce actions. *A fortiori*, under *McCarty*, military disability pay was also not divisible in kind in divorce actions.

The Uniformed Services Former Spouses Protection Act (USFSPA) amended the *McCarty* rule and allowed "disposable retired or retainer pay" to be equitably divided in kind in divorce cases. 10 U.S.C. § 1408(c)(1) (1982). Disposable retired or retainer pay does not include disability pay. 10 U.S.C. § 1408(a)(4)(E) (Supp. 1989).

In *Mansell, supra,* the U.S. Supreme Court answered the question whether state courts "may treat, as property divisible upon divorce, military retirement pay waived by the retiree in order to receive veterans' disability benefits." ___ U.S. at ___, 109 S. Ct. at 2025, 104 L. Ed. 2d at 681 (1989). It held that the USFSPA precluded state courts from dividing veterans' disability benefits in divorce cases. The USFSPA extends the *Mansell* rule to all military disability benefits. 10 U.S.C. § 1408(a)(4)(E).

In essence, disposable retirement or retainer pay is an entitlement that the recipient earns during his working years but receives during his retirement years. It is akin to an annuity for life that the recipient earns during his working years but receives during his retirement years. An annuity for life earned during the marriage, but receivable post-divorce, is property divisible in a divorce action. *See Linson v. Linson,* 1 Haw. App. 272, 618 P.2d 748 (1980).

On the other hand, disability pay is an entitlement that is generated when the recipient becomes disabled during the recipient's employment and, to the extent of his disability, cannot work. Like disability compensation under workers' compensation laws, military disability pay is paid in lieu of and is akin to income that is earned and received post-employment. Like other income that is earned and received post-divorce, disability pay is not property divisible in a divorce case. Under the USFSPA, as construed by *Mansell,* this rule applies to both veterans' and military disability benefits.

The fact that a person cannot receive disability pay unless he waives his entitlement to disposable retirement or retainer pay and the fact that he makes the waiver does not change his disability pay into retirement or some other kind of pay. Moreover, a person

cannot be penalized for making such a waiver. *See McCarty v. McCarty, supra.*

In the instant case, the family court did not divide in kind Husband's time-of-divorce right to receive veterans' and military disability pay post-divorce. In other words, it did not award Wife a percentage of Husband's time-of-divorce right to receive veterans' and military disability pay post-divorce. It awarded Husband all of his time-of-divorce right to receive veterans' and military disability pay post-divorce and awarded Wife marital property of a net cash value equal to the net cash value of Husband's time-of-divorce right to receive veterans' and military disability pay post-divorce. In our view, the family court thereby violated both federal law and Hawaii's rule that disability pay is paid in lieu of and is akin to income that is earned and received post-divorce and is not property divisible in a divorce case. Consequently, the family court reversibly erred when it awarded Wife $335,584.00 worth of property in consideration of the $335,584.00 cash value of Husband's time-of-divorce right to receive veterans' and military disability pay post-divorce.

Neither Hawaii's rule nor federal law precludes the family court, when dividing property and debts in a divorce case, from considering as one of the relevant circumstances of the case under Hawaii Revised Statutes § 580-47(a) (Supp. 1988) a party's time-of-divorce right to receive veterans' and military disability pay post-divorce in the same way that the family court considers each party's ability or inability to earn and receive income post-divorce. *Compare Hisquierdo v. Hisquierdo,* 439 U.S. 572, 99 S. Ct. 802, 59 L. Ed. 2d 1 (1979). However, the family court's division of property and debts in this case was not based on this precept.

## II.

Is Husband's and Wife's January 13, 1988 family court approved "Stipulation for Pretrial Order", which states in item 2(g) that "[t]he parties agree . . . that Husband shall be required to maintain Wife as the beneficiary of his military retirement Survivor Benefit Plan" and which Husband unilaterally revoked on January 19, 1988 sans family court approval, enforceable under federal and Hawaii law? Our answer is yes.

As noted previously, the family court debited Husband $31,000.00 for the obligation and credited Wife $83,006.00 for the benefit. Husband wants us to free him from the obligation of maintaining Wife as the beneficiary of his Survivor Benefit Plan. He does not, however, offer to free Wife from the $83,006.00 credit.

Husband argues that the same law that prohibits the family court from dividing his disability pay also prohibits it from ordering him to pay for a Survivor Benefit Plan for Wife because the payments necessarily must come only from his disability pay which he alleges is his only source of income. Since the record clearly indicates that the Divorce Decree awards Husband additional resources other than his disability pay from which he can pay the monthly payments, we do not reach the issue Husband asks us to answer. Since Husband's position is unsupported by the facts, it is without merit.

## CONCLUSION

Accordingly, we vacate only the property division and distribution portion of the family court's September 6, 1988 Divorce Decree and remand for further proceedings consistent with this opinion.

*Robert M. Harris* on the briefs for plaintiff-appellant.

*William C. Darrah* on the brief for defendant-appellee.