567 So.2d 976 (1990)
Charles Robert McMAHAN, Appellant,
v.
Myrtes McMAHAN, Appellee.
No. 90-839.
District Court of Appeal of Florida, First District.
October 2, 1990.
*977 Robison R. Harrell and Alice H. Murray, of Robison R. Harrell & Associates, Shalimar, for appellant.
James W. Grimsley, of Smith, Grimsley & Remington, Ft. Walton Beach, for appellee.
ERVIN, Judge.
In this appeal from a final marital dissolution judgment, the former husband raises two issues for review: 1) that the trial court erred in incorporating the parties' separation agreement into the judgment of dissolution for the reasons that the agreement was unfair, unreasonable, and procured through coercion and duress, and 2) that the trial court erred in approving the terms of the separation agreement on the ground that the former wife was awarded a portion of the former husband's military retirement pay which constituted disability benefits. We affirm as to the first point and reverse as to the second. Because of our reversal of the latter issue, we remand the cause to the trial court with directions that it reconsider the entire award for the purpose of doing equity and justice between the parties.
As to the first issue, we conclude that appellant has failed to meet the exceptionally heavy burden imposed upon him as the party seeking to modify an award incorporated in a dissolution judgment fixed by a postnuptial property settlement agreement. See Andrews v. Andrews, 409 So.2d 1135 (Fla. 2d DCA 1982); Johnson v. Johnson, 386 So.2d 14 (Fla. 5th DCA), review denied, 392 So.2d 1375 (Fla. 1980). In order to meet this burden, the challenger of the agreement must present sufficient evidence directed to one of two separate grounds relating to the validity of such *978 agreements: first, by showing that it was the result of fraud, deceit, duress, coercion, misrepresentation, or overreaching; second, by demonstrating that it provided for an unfair or unreasonable distribution to the challenging spouse under the particular circumstances. Casto v. Casto, 508 So.2d 330, 333 (Fla. 1987). In our judgment appellant has failed to establish the existence of either ground.
As to the former, none of the reasons given, either considered separately or in toto, constitute coercion or duress. See Cronacher v. Cronacher, 508 So.2d 1270 (Fla. 3d DCA 1987), Bailey v. Bailey, 300 So.2d 294 (Fla. 4th DCA 1974), and Byrd v. Byrd, 324 So.2d 659 (Fla. 2d DCA 1975) (all reciting that tremendous emotional strain at the time of signing of separation agreement is not sufficient ground to set aside the agreement); Bockoven v. Bockoven, 444 So.2d 30 (Fla. 5th DCA 1983), and Bubenik v. Bubenik, 392 So.2d 943 (Fla. 3d DCA 1980) (fact that appellants were unrepresented by attorneys at the time the separation agreements were executed was not sufficient ground for setting the documents aside); Casto and Brighton v. Brighton, 517 So.2d 53 (Fla. 4th DCA 1987), review denied, 528 So.2d 1181 (Fla. 1988) (the fact that the separation agreement may have been a "bad deal" is not reason to set it aside). We therefore find no foundation in support of that portion of the husband's argument that the agreement was the product of coercion or duress.
We also find lack of support for the former husband's second ground in which he contests the validity of the property settlement agreement, i.e., that the agreement is unfair and unreasonable. The property settlement agreement called for an equal division of the parties' sole source of income and their savings. Although the former husband was required to pay all of the marital debts, the former wife agreed to a decrease in her alimony payment for a period of two years so that the debts could be paid. Moreover, while the parties agreed to split the proceeds from the sale of the marital home, the former husband was awarded the exclusive possession and use of the home so long as he resided therein and paid all appropriate expenses. In addition, the former husband also received the former wife's interest in two parcels of real property. We find nothing unreasonable in the above mutual covenants under the circumstances presented, and therefore conclude that the former husband failed to meet his initial burden of showing that the agreement was unfair and/or unreasonable.[1]
As to the second issue in which the husband assails the trial court's approval of the portion of the agreement allowing the wife to receive part of the husband's retirement pension which was derived from his disabling condition, we reverse in that case law has now convincingly established that no portion of a military pension which is attributable to disability is subject to distribution for the benefit of the other spouse. Prior to the enactment of the Federal Uniformed Services Former Spouses' Protection Act (FUSFSPA), 10 U.S.C. § 1408, the rule was that military retirement pay constituted the separate property of the person receiving such benefit  it was not considered community property subject to division in dissolution proceedings. See McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), superseded by statute as stated in Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). In direct response to the McCarty ruling, Congress enacted FUSFSPA. Section 1408 thereof provides, in pertinent part, as follows:
Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.
*979 10 U.S.C.A. § 1408(c)(1) (West 1983) (emphasis added).
Although in enacting section 1408, Congress did grant the power to state courts to treat military retirement pay as marital property, its grant of authority was expressly limited, as above stated, to "disposable retired or retainer pay." The term "disposable retired or retainer pay" is defined as the total monthly retirement pay less any amount received on account of disability. 10 U.S.C.A. § 1408(a)(4)(B), (E) (West Supp. 1990).
In Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989), the Supreme Court recently interpreted section 1408 as precluding the distribution of a portion of a veteran's retirement pension derived from his disability benefits, on the ground that such amounts could not be considered "disposable retired or retainer pay." There the parties were married for 23 years, and, prior to their divorce, had entered into an agreement which provided in part that the husband would pay the wife 50 percent of his total military retirement pay, including that portion of retirement pay waived so that he could receive disability benefits. Subsequent to the divorce, the former husband requested the lower court to modify the divorce decree by removing the provision requiring him to share his total retirement pay with the former wife. The lower court declined to make the deletion, reasoning that FUSFSPA did not limit a state court's ability to treat total military retirement pay as community property. The Supreme Court reversed. In so doing, the Court observed that the congressional grant of authority to the state courts explicitly involved only "disposable retired or retainer pay," and that the plain and precise statutory language would be thwarted if state courts were permitted to enter court orders awarding more than such specified amounts. See also Jones v. Jones, 780 P.2d 581 (Haw.Ct.App. 1989); Bewley v. Bewley, 116 Idaho 845, 780 P.2d 596 (Ct. App. 1989); Davis v. Davis, 777 S.W.2d 230 (Ky. 1989); Martin v. Martin, 385 Pa.Super. 554, 561 A.2d 1231 (1989), appeal granted, 578 A.2d 414 (Pa. 1990).
The Supreme Court's interpretation is also consistent with Florida law, which, while providing that pension plans must be considered marital assets for equitable distribution purposes,[2] provides also that only that portion of a retirement pension which constitutes a real retirement benefit, rather than disability, may be considered as a marital asset subject to equitable distribution. Brogdon v. Brogdon, 530 So.2d 1064 (Fla. 1st DCA 1988). See also Weisfeld v. Weisfeld, 513 So.2d 1278 (Fla. 3d DCA 1987) (portion of worker's compensation settlement constituting compensation for pain and suffering, disability, and disfigurement was personal property not subject to equitable distribution), approved, 545 So.2d 1341 (Fla. 1989).
Finally, appellee's argument that this case is distinguishable from federal and state precedent reaching a contrary result, because it involves a contract between parties, is without merit. Mansell also involved a property settlement agreement which required Mr. Mansell to pay his wife 50 percent of his total retirement pay, which necessarily included a portion of disability benefits. Despite the existence of this contract, the United States Supreme Court determined that federal law controlled, and that the wife was not entitled to any portion of the military retirement pay that constituted disability.
In conclusion, because the lower court was without authority to award the wife any portion of the husband's military retirement pay that represented disability benefits, the order, insofar as it approved the payment of such benefits, must be reversed. In reversing, however, we do not remand simply with directions to the lower court to delete from the amount awarded the former wife that portion of appellant's retirement pension obtained from his disabled *980 condition. Rather, because the parties reasonably contemplated, at the time they executed the document, that their agreements would be judicially honored, and because we are now required to direct that a substantial portion of the amount which the parties had agreed upon be reduced to the prejudice of the former wife, we are of the view that on remand the trial court should be given the discretion to reconsider the entire equitable distribution scheme contemplated by the parties in an effort to do equity and justice to both. See Sections 61.075 and 61.08, Florida Statutes (1989). Cf. Hamilton v. Hamilton, 552 So.2d 929 (Fla. 1st DCA 1989); Maas v. Maas, 440 So.2d 494 (Fla. 2d DCA 1983), review denied, 451 So.2d 849 (Fla. 1984).
AFFIRMED in part, REVERSED in part and REMANDED with directions.
NIMMONS and ALLEN, JJ., concur.
NOTES
[1] See Casto v. Casto, 508 So.2d 330, 333 (Fla. 1987), for an explanation of the shifting burdens of proof involved when one spouse contests the validity of a separation agreement on the ground that the agreement was unreasonable.
[2] See Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986). The Diffenderfer rule has now been codified in the Florida Statutes. See § 61.076, Fla. Stat. (Supp. 1988). See also § 61.075(3)(a)4, Fla. Stat. (Supp. 1988).