## Wingard v. Wingard

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Nancy Duffield Vernon,* for plaintiff.
*Daniel L. Webster,* for defendant.

FRANKS, *J.,* April 18, 1991—The issue before us arises from the objections of defendant, Eric D. Wingard, to a temporary domestic relations order which concluded that his monthly veterans' disability compensation received in lieu of any military retirement pay is considered as monthly income for calculating spousal and child support. After a hearing de novo, review of the facts and applicable law, and briefs submitted by counsel, we deny the objections.

## BACKGROUND

The parties to the instant action are husband and wife having two minor children, Thomas Wingard and Kristin Wingard. Plaintiff, Sherri Wingard, and husband were married January 23, 1982 but separated in June 1990. Wife has filed for divorce, but no final decree has been entered.

A hearing was held at the Fayette County Domestic Relations Office at which time it was concluded that husband's monthly veterans' compensation disability received in lieu of any military retirement pay is considered as monthly income for spousal and child support amounts. Husband receives $1,740 a month as full disability compensation for injuries sustained while on active duty in the military. This

amount is based on his full disability, plus additional compensation for wife and the two minor children. In addition to this, husband is employed full-time with the United States Postal Service. Wife is not employed outside the home.

Pursuant to husband's request, we held a hearing de novo to determine whether his disability compensation is includable as monthly income for spousal and child support amounts.

Husband contends that his disability compensation cannot be included as monthly income because the Pennsylvania law is pre-empted by the Uniformed Services Former Spouses Protection Act, 10 U.S.C. §1408, as interpreted in *Mansell v. Mansell*, 490 U.S. __, 104 L.Ed.2d 675 (1989). The Supreme Court in *Mansell* held that the act pre-empts a state from applying its community property or equitable distribution laws to disposable retired or retainer pay as defined in the act. The Pennsylvania Superior Court in *Martin v. Martin*, 385 Pa. Super. 554, 561 A.2d 1231 (1989), followed the holding in *Mansell* and concluded that the disability compensation received in lieu of retirement pay was not marital property subject to equitable distribution.

Husband argues for an extension of these holdings to situations where no final court orders have been entered, such as when a spouse petitions for spousal and child support. This issue is one of first impression. Briefly stated, it is whether the act pre-empts the state from considering a veterans' monthly disability compensation received in lieu of military retirement pay as monthly income for determining spousal and child support amounts. We hold that because the act is inapplicable to the instant case, there is no pre-emption and, therefore, the compensation is included as husband's monthly income.

The applicability of the act is dependent upon the issuance of a court order. Court order is defined as a "final decree of divorce, dissolution, annulment, or legal separation. . ." 10 U.S.C. §1408(a)(2). The parties in the instant case have only separated and filed for divorce. No court order as defined by the act has been issued.

Furthermore, from the name of the act, Uniformed Services *Former* Spouses Protection Act (emphasis supplied), it is clear that it is intended for the protection of *former* spouses, not current spouses who have not been judicially determined to be divorced, separated, or those who have not had the marriage dissolved or annulled.

In reaching our conclusion that the disability compensation is to be included as monthly income, we considered the legislative history of veterans' disability benefits and the statutes under which a veteran is entitled to those benefits. The purpose of the benefits is to compensate the veteran for his service-connected disability which impairs his earning capacity. H.R. Rep. No. 1155, 96th Cong. 4 (1980). It is also intended "to provide reasonable and adequate compensation for disabled veterans and their families." S. Rep. No. 604, 98th Cong. 24 (1984).

Most dispositive is 38 U.S.C. §315 which provides additional compensation to the veteran based upon marital status and the number of dependent children. Also, husband's total amount will be decreased by $92 when a final decree of divorce is entered. The $92 is the amount Congress has determined to be allocated for the spouse of the veteran. 38 U.S.C. §315(1)(A).

"Congress clearly intended veterans' disability benefits to be used, in part, for the support of

veterans' dependents." *Rose v. Rose,* 481 US 619, 631, 95 L.Ed.2d 559, 610 (1987).

To hold that husband's compensation is not to be considered would be contrary to the obvious congressional intent of the entire veterans' disability benefits program. Husband's benefits are calculated and based upon his having a wife and dependent children. He cannot be allowed to receive the compensation without using it to contribute toward spousal and child support, especially since the total amount he receives includes compensation for his spouse and dependent children.

In conclusion, the act does not apply to the facts in the instant case because no final order has been entered. As such, Pennsylvania law is not preempted. Considering the congressional intent of the benefits program and the program itself, we hold that husband's disability compensation is included as part of his monthly income to calculate spousal and child support amounts.

Wherefore, we enter the following

## ORDER

And now, April 18, 1991, it is hereby ordered and directed that defendant Eric D. Wingard's monthly veterans' disability compensation received in lieu of any military retirement pay is considered monthly income for the purpose of calculating spousal and child support.