583 So.2d 398 (1991)
David L. SWEENEY, Appellant/Cross Appellee,
v.
Noemi J. SWEENEY, Appellee/Cross Appellant.
No. 90-2836.
District Court of Appeal of Florida, First District.
July 29, 1991.
John P. Townsend, Ft. Walton Beach, for appellant/cross appellee.
Lawrence P. Bush, Ft. Walton Beach, for appellee/cross appellant.
ERVIN, Judge.
Appellant, David Sweeney, appeals a final order of dissolution, contending that the trial judge distributed the parties' marital assets in an inequitable manner, and, more particularly, that the court erred in awarding appellee, Noemi Sweeney, a property interest in his disability benefits, in failing to consider Mrs. Sweeney's entitlement to social security benefits as a marital asset or as a source of income, in reserving jurisdiction in the event that Mrs. Sweeney is unable to obtain a tax exemption if she sells the marital residence, and in ordering him to pay Mrs. Sweeney $1,000 per month alimony. Mrs. Sweeney cross appeals, contending that the trial court erred in requiring her to execute a joint income tax return with Mr. Sweeney for 1989, and in denying her request for attorney's fees. We affirm in part, reverse in part, and remand.
Addressing first the award to Mrs. Sweeney of a property interest in that portion of the former husband's retirement pension which constitutes a disability benefit, Mrs. Sweeney concedes that such portion is not available for equitable distribution. McMahan v. McMahan, 567 So.2d 976 (Fla. 1st *399 DCA 1990). We therefore reverse and remand the cause for further proceedings.
We also conclude that the trial court erred in retaining jurisdiction to "revisit the issue" in the event the former wife at some undetermined time in the future is unable to obtain a tax exemption from the Internal Revenue Service (IRS) following her sale of the marital residence. In the first place, it is not clear whether the "issue" that the court intends to revisit is the award of the marital residence, or the entire scheme of equitable distribution. In either case, a court may not redetermine property rights that have been established in a final judgment of dissolution. Finston v. Finston, 160 Fla. 935, 937, 37 So.2d 423, 424 (1948); Harrell v. Harrell, 515 So.2d 1302, 1304 (Fla. 3d DCA 1987); Pumo v. Pumo, 405 So.2d 224, 225 (Fla. 3d DCA 1981), review denied, 412 So.2d 469 (Fla. 1982). Because the trial court adjudicated the parties' rights to the marital residence and all other marital assets at time of dissolution, the court may not redetermine such distribution at a later time.
Turning next to Mrs. Sweeney's cross appeal, we agree that the trial court erred in ordering the parties to file a joint tax return for 1989. Under Internal Revenue Code Section 6013, 26 U.S.C.A. § 6013, a husband and wife are jointly and severally liable for taxes and penalties on filing a joint return when one spouse has knowledge that the other omitted reporting income,[1] and Mrs. Sweeney claims that her former husband intends to perpetrate a fraud upon the IRS. We agree that Mrs. Sweeney should retain the choice whether to file individually, but direct the trial judge on remand to consider whether there will be tax consequences for either party as a result of filing an individual return, which should be taken into consideration when reevaluating the entire equitable distribution.
As for the remaining issues raised by the parties, we find no error in the court's award of alimony, its refusal to consider Mr. Sweeney's social security benefit, which does not vest until October 1991, as a marital asset or source of income, or its decision not to award Mrs. Sweeney attorney's fees. However, because our reversal of certain portions of the trial court's order necessarily affects the overall plan for equitable distribution of the marital property and alimony, we vacate all of the provisions awarded and remand the cause for the trial court to reconsider the entire equitable scheme in an effort to do equity and justice to both parties. See McMahan v. McMahan, 567 So.2d 976 (Fla. 1st DCA 1990); Breland v. Breland, 565 So.2d 368 (Fla. 1st DCA 1990).
We AFFIRM IN PART, REVERSE IN PART, and REMAND for further proceedings consistent with this opinion.
ZEHMER and MINER, JJ., concur.
NOTES
[1] See, e.g., Shea v. Commissioner of Internal Revenue, 780 F.2d 561 (6th Cir.1986).