JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion.
In Mansell v. Mansell (1989), 490 U.S. 581, 109 S. Ct. 2023, 104 L. Ed. 2d 675, the United States Supreme Court held that state courts are preempted by federal law from dividing veterans’ disability benefits and awarding any portion of them to the former spouse of a disabled veteran. It did not matter in that case that the parties before the court had also consented to the division of disability benefits which the Supreme Court held could not be divided.
The following facts were the foundation for the Mansell decision: Their marriage ended in 1979 with a divorce decree from the Merced County, California, Supreme Court. ... Mrs. Mansell and Major Mansell entered into a property settlement which provided, in part, that Major Mansell would pay Mrs. Mansell 50 percent of his total military retirement pay, including that portion of retirement pay waived so that Major Mansell could receive disability benefits. Civ. No. 55594 (May 29, 1979). In 1983, Major Mansell asked the Superior Court to modify the divorce decree by removing the provision that required him to share bis total retirement pay with Mrs. Mansell. The Superior Court denied Major Mansell’s request without opinion.
Mansell, 490 U.S. at 585-86, 109 S.Ct. at 2026-27.
In other words, the California Superior Court treated that retiree’s disability benefits as community property because he and his former spouse agreed that they could be treated as community property. However, it did not matter to the Supreme Court that a property settlement agreement formed the basis for the California Court’s *338 decision. Whether or not based on an agreement, it looked to the substance and effect of the California Court’s decree and held that:
For the reasons stated above, we hold that the Former Spouses’ Protection Act does not grant state courts the power to treat as property divisible upon divorce military retirement pay that has been waived to receive veterans’ disability benefits.
Mansell, 490 U.S. at 594-95, 109 S.Ct. at 2027.
The majority opinion overlooks the fact that a separation agreement, by itself, has no binding effect until approved by the district court and made part of the district court’s decree. Section 40-4-201, MCA. Once the court makes terms which divide disability benefits part of its decree, it has, itself, divided disability benefits, and it cannot do so.
If an underlying agreement between the parties made any difference, a different result would have been required in Mansell where an agreement was also the basis for the decree which the court said could not be enforced. For example, in McMahan v. McMahan (Fla. Dist. Ct. App. 1990), 567 So. 2d 976, the Florida Appellate Court reversed a trial court judgment which adopted a settlement agreement which permitted a wife to receive part of a husband’s military disability benefits. That court held that: “[W]e reverse in that case law has now convincingly established that no portion of a military pension which is attributable to disability is subject to distribution for the benefit of the other spouse.” McMahan, 567 So. 2d at 978.
Unlike the majority, the Florida Court was not persuaded that the source of the court’s judgment was an agreement freely entered into between the parties. In language relevant to this case, it observed that:
Finally, appellee’s argument that this case is distinguishable from federal and state precedent reaching a contrary result, because it involves a contract between parties, is without merit. Mansell also involved a property settlement agreement which required Mr. Mansell to pay his wife 50 percent of his total retirement pay, which necessarily included a portion of disability benefits. Despite the existence of this contract, the United States Supreme Court determined that federal law controlled, and that the wife was not entitled to any portion of the military retirement pay that constituted disability.
McMahan, 567 So. 2d at 979.
The majority attempts to distinguish Mansell on the basis of its holding that the Uniformed Services Former Spouses’ Protection Act *339 preempts California’s community property law. However, what the majority overlooks is that the division of property in Mansell was not based on California’s community property law. It was based on an agreement between the parties. Therefore, the fact that California is a community property state and Montana is not makes no difference.
Of course, the Supreme Court, in Mansell, did not hold that the parties are not free to contract. What the Court held is that the state courts in California could not enforce, by decree, provisions of a property settlement between parties which violated the Uniformed Services Former Spouses’ Protection Act, 10 U.S.C. § 1408.
Based on the majority’s rationale, the U.S. Supreme Court could not have arrived at the conclusion that it arrived at in Mansell. It would have to have held that in spite of the Act the parties had to do what they had agreed to do — divide the husband’s military disability benefits.
The similarities between Mansell and the circumstances in this case are striking. The only difference is that instead of Kenneth Stone’s disability benefits being distributed as property, they have been distributed as maintenance. However, if dividing veterans’ disability benefits is impermissible, it cannot be legitimized by simply disguising the property distribution as a maintenance award. To hold otherwise is to ignore the substance of the District Court’s decree and sanction a shell game, the purpose of which is to circumvent laws intended for the protection of disabled veterans.
For these reasons, I dissent from the majority opinion. I would reverse the order of the District Court and hold that its decree approving a separation agreement which effectively divided veterans’ disability benefits violated the Uniformed Services Former Spouses’ Protection Act, 10 U.S.C. § 1408, and therefore, was preempted by federal law.
JUSTICE NELSON joins in the foregoing dissenting opinion.