I write separately merely to note that although I agree that the trial court properly declined Ms. Avery's request to treat a portion of Mr. Avery's military disability retirement as marital property, under the authority of Mansell v. Mansell (1989), 490 U.S. 581, 109 S.Ct. 2023,104 L.Ed. 675, and 10 U.S.C. § 1408(c), the statute upon which Mansell is based, I also agree with the Supreme Court of Alaska that:
 * * * neither the USFSPA [the federal statute] nor prior [United States] Supreme Court decisions require our courts to completely ignore the economic consequences of a military retiree's decision to waive retirement pay in order to collect disability pay. The statute merely speaks to a state court's power to "treat" this type of military benefit "either as property solely of the [armed forces] member or as property of the member and his spouse." 10 U.S.C. § 1408(c)(1) (Supp. 1991). Even the McCarty [v. McCarty (1981), 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589] decision, which first found preemption in this area, held only that state courts were precluded from "dividing" retirement pay or "characterizing" such pay as community property based on the fact that "retired pay" was a "personal entitlement" of the armed forces member and that "division of retired pay [wa]s simply inconsistent with th[e] explicit expression of congressional intent that retired pay accrue to the retiree." McCarty,
U.S. at 224-27, 101 S.Ct. At 2737-38.
Clauson v. Clauson (Alaska, 1992), 831 P.2d 1257, 1263.
That court went on to opine:
 We are aware of no federal statute which specifically prohibits a trial court from taking into account veterans' disability benefits when making an equitable allocation of property. * * *. Nor do we see how this practice does major damage to clear and substantial federal interests.
Id. See, also, McMahan v. McMahan (Fla.Dist.App., 1990), 567 So.2d 976,980; Jones v. Jones (1989), 7 Haw.App. 496, 780 P.2d 581; and Weberg v.Weberg (1990), 158 Wis.2d 540, 463 N.W.2d 382.
Like Alaska, Ohio provides for an equitable division of marital property. Although the preferred division is equal, an unequal division is appropriate when an equal division would not be equitable. R.C.3105.171(C)(1). In deciding how to divide the property, the trial court shall consider a number of factors, concluding with: "Any other factor that the court expressly finds to be relevant and equitable." R.C.3105.171(F)(9). In my view, then, upon proper application a trial court might consider a service member's decision to take disability pay in lieu of retirement pay in deciding whether an unequal division of the parties' marital property was warranted.
In the case before us, it appears that Ms. Avery sought to have the trial court determine the disability retirement to have been marital property. I agree with my colleagues that the trial court properly declined to do so.