92 P.3d 1056

**Artis T. ZACHARY, Plaintiff–Appellant,**

v.

**Joanne M. ZACHARY, Defendant–Appellee.**

**No. 25289.**

Intermediate Court of Appeals of Hawai'i.

June 3, 2004.

As Amended June 8, 2004.

Andrè S. Wooten, Honolulu, on the briefs, for plaintiff-appellant.

Frances N. Ogata, Aiea, on the briefs, for defendant-appellee.

BURNS, C.J., WATANABE and LIM, JJ.

Opinion of the Court by BURNS, C.J.

In this appeal filed on August 27, 2002, Plaintiff–Appellant Artis T. Zachary (Artis) challenges (1) the July 19, 2002 "Order Granting Motion for Post Decree Relief Filed June 3, 2002" (July 19, 2002 order), and (2) the August 22, 2002 "Order Denying Plaintiff Zacker's [sic] Motion for Reconsideration of Order Granting Post Decree Relief Filed July 19, 2002" (August 22, 2002 order).

Based on our conclusion that "Plaintiff Zacker's [sic] Motion for Reconsideration of Order Denying Post Decree Relief Filed July 19, 2002" was untimely filed on July 31, 2002 (July 31, 2002 MR), we affirm the August 22, 2002 order denying the motion.

Based on our conclusion that the untimely filed July 31, 2002 MR did not extend the time allowed for appeal of the July 19, 2002 order, we conclude that the August 27, 2002 notice of appeal was untimely filed and, therefore, we do not have appellate jurisdiction to consider the validity of the July 19, 2002 order.

The relevant facts are as follows: Artis and Defendant–Appellee Joanne M. Zachary (Joanne) were married on August 18, 1979.

They were divorced by a June 21, 1996 Decree Granting Absolute Divorce (Divorce Decree) which stated, in relevant part, as follows:

(g) *RETIREMENT PLANS.* [Joanne] shall be awarded her pro rata share of [Artis's] military retired pay to which [Artis] may become entitled to as a result of his service with the United States Navy. The pro rata share of [Artis's] military retired pay shall be in accordance with and construed pursuant to the Uniformed Services Former Spouse' Protection Act (USFSPA) of September 8, 1982. The pro rata share to which [Joanne] shall become entitled to is determined by the following formula:

$$\frac{1}{2} \ \times \ \frac{17}{\text{No. of years in service at retirement}} \ \times \ \text{gross monthly retirement pay}$$

... [Artis] began service creditable in determining his eligibility for retirement pay with the United States Navy on October 15, 1976, has performed continuous creditable service since then and is now on active duty with the United States Navy.

. . . .

[Artis] and [Joanne] agree that [Artis'] Military Retired pay is and shall be accruing as a result of his service in the United States Navy and that said military retired pay is marital property subject to equitable division by the Family Court of the First Circuit, State of Hawaii pursuant to Section 580–47, Hawaii Revised Statutes.

. . . .

Should [Artis] become eligible for a lump sum payment in lieu of retired pay, [Joanne] shall become entitled to her pro rata share of said lump sum payment based upon the same formula as recited before.

On December 3, 1997 Judge Karen M. Radius entered an order stating, in relevant part, as follows:

### CLARIFYING ORDER RE: DIVISION OF MILITARY BENEFITS

. . . .

It has been the practice of the military not to honor orders which do not specify a fixed dollar amount or a fixed percentage. Therefore, this order is made to clarify the orders dividing [Artis's] military benefits in the Decree Awarding Absolute Divorce.

IT IS HEREBY ORDERED:

[Joanne] shall be awarded her pro rata share of [Artis's] military retirement/retainer pay to which he may become entitled to as a result of his service with the United States Navy. The pro rata share of [Artis's] military retirement/retainer pay shall be in accordance with and construed pursuant to the Uniformed Services Former Spouses Protection Act (USFSPA) of September 8, 1982 (Public law 97–252).

[Joanne's] share of [Artis's] retirement/retainer shall be as follows:

If [Artis] retires after 20 years, [Joanne's] share shall be 42.5%.

If [Artis] retires after 21 years, [Joanne's] share shall be 40.5%.

If [Artis] retires after 22 years, [Joanne's] share shall be 38.6%.

If [Artis] retires after 23 years, [Joanne's] share shall be 37%.

If [Artis] retires after 24 years, [Joanne's] share shall be 35.4%.

If [Artis] retires after 25 years, [Joanne's] share shall be 34%.

If [Artis] retires after 26 years, [Joanne's] share shall be 32.7%.

If [Artis] retires after 27 years, [Joanne's] share shall be 31.5%.

If [Artis] retires after 28 years, [Joanne's] share shall be 30.4%.

If [Artis] retires after 29 years, [Joanne's] share shall be 29.3%.

If [Artis] retires after 30 years, [Joanne's] share shall be 28.3%.

The parties agree that in computing the number of years in which [Artis] served in the Navy, any fraction of a year shall be rounded off to the nearest year and that any fraction of a year which is equal to one-half of a full year shall be rounded off to the full year. [Joanne] is entitled to her percentage share of all raises or increases in pay periodically awarded to [Artis].

On June 3, 2002, Joanne filed a Motion and Affidavit for Post–Decree Relief. An accompanying memorandum stated, in relevant part, as follows:

Based on the Clarifying Order Re: Division of Military Benefits, the Defense Fi-

nance and Accounting Service (DFAS) determined that [Joanne's] share amounted to the fixed percentage of 40.5% of [Artis's] gross retirement pay. [Artis] retired on or about August 1999, ... and [Joanne] received a check for $454.41 in September, 1999.... That amount was subsequently raised to $463.41 in January, 2000. Beginning April, 2000, without notice to [Joanne], her share was reduced to $51.03. Since January 1, 2002, [Joanne's] share was increased to $53.00. Therefore, the total amount that [Joanne] should have received since April, 2000 less that amount that [Joanne] did receive is $10,197.08. [Joanne] tried to obtain information regarding her share of [Artis's] retirement benefits, however, the only information that [Joanne] has been able to obtain from the DFAS is that [Artis] has waived his retirement benefits in favor of disability benefits. [Joanne] has learned from friends or relatives ... that his disability is a sleep apnea of some kind and high blood pressure. [Artis's] disability does not prevent him from working ... in maintenance at the Pearl City Post Office.

On Friday, July 19, 2002, after a hearing on June 19, 2002, Judge Marilyn Carlsmith entered an order granting Joanne's June 3, 2002 motion and ordered, in relevant part, as follows:

Now, therefore, the Court hereby orders [Artis] to pay to [Joanne] $463.41 per month retroactive to April 2000. A judgment in the amount of $10,277.98 in back payment is awarded to [Joanne] and [Artis] shall pay said amount forthwith. Commencing July 1, 2002, [Artis] shall pay to [Joanne] $463.41 per month on the first day of the month.

Hawai'i Family Court Rules (HFCR) Rule 59(e) (Supp.2004) states as follows: "Except as otherwise provided by HRS section 571–54, a motion to reconsider, alter or amend the judgment or order shall be filed not later than 10 days after entry of the judgment or order."

Twelve days after entry of the July 19, 2002 order, Artis filed the July 31, 2002 MR.

In support of his motion, Artis cited this court's opinion in *Jones v. Jones,* 7 Haw.App. 496, 780 P.2d 581 (1989). In *Jones,* almost three years before the husband filed his complaint for divorce, the husband was placed on the United States Navy's temporary disability retired list and was credited with 26.75 years of service. Almost two years before the Divorce Decree was entered, the husband was placed on the United States Navy's permanent disability retired list. This court concluded that the Uniformed Services Former Spouses Protection Act prohibited state courts from dividing veterans' disability benefits in divorce cases. In his motion, Artis did not consider the following facts in his case to be materially distinguishing: (1) Artis waived his retirement benefits, not Joanne's; and (2) Artis did not waive his retirement benefits to obtain his disability benefits until after (a) the entry of the divorce awarding a percentage of Artis's military retirement/retainer pay to Joanne, and (b) Joanne had been receiving her percentage share of Artis's military retirement/retainer pay.

■ The tenth day after entry of the July 19, 2002 order was Monday, July 29, 2002. Having been filed on the twelfth day after entry of the July 19, 2002 order, Artis's July 31, 2002 MR was untimely filed.

■ On August 22, 2002, Judge Carlsmith entered an order stating that "[a]fter reviewing the records and file, it is hereby ordered that [the July 31, 2002 MR] is denied." On August 27, 2002, Artis filed a notice of appeal of the August 22, 2002 order.[1]

Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(3) (Supp.2004) states as follows:

(3) Time to Appeal Affected by Post-Judgment Motions. If, not later than 10 days after entry of judgment, any party files a motion that seeks to reconsider, vacate, or alter the judgment, or seeks attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the

---

1. This appeal was assigned to this court on May 19, 2003.

date the motion was filed shall constitute a denial of the motion.

Thus, assuming Artis's July 31, 2002 MR was authorized by the family court rules, it did not extend the time to appeal the July 19, 2002 order because it was filed more than ten days after entry of the July 19, 2002 order.

On October 22, 2002, the court entered its Findings of Fact and Conclusions of Law. The findings state in relevant part as follows:

13. ... [Joanne] received a check for $454.41 in September, 1999 as her pro rata share of [Artis'] military retirement pay. That amount was subsequently increased to $463.41 in January, 2000.

. . . .

15. Beginning April, 2000, without notice to [Joanne], her share was reduced to $51.03. Since January 1, 2002, [Joanne's] share was increased to $53.00. Therefore, the total amount that [Joanne] should have received since April, 2000 less that amount that [Artis] did receive is $10,197.08.

16. After his retirement, [Artis] applied for disability benefits claiming that his disability is a sleep apnea, a sore knee and high blood pressure.

17. [Artis's] disability does not prevent him from working as [Artis] is currently employed in maintenance with the U.S. Postal Service.

18. The Decree Granting Absolute Divorce filed June 21, 1996, ordered [Artis] to secure a survivor benefit option on his retirement pay from the Navy, naming [Joanne] as his beneficiary thereunder, as long as she maintains the payments thereunder for the survivor's benefit option.

The conclusions state in relevant part as follows:

10. [Joanne's] share was finally determined as of the date of the decree and was based on amounts that had not yet been waived.

In his statement of appellate jurisdiction filed on November 7, 2002, counsel for Artis argues in favor of appellate jurisdiction on the basis that Artis's July 31, 2002 MR "was filed well within 10 days of this counsel's receipt of the July, [sic] 19, 2002 order mailed on July 24[.]" It appears that counsel

for Artis concludes that HRAP Rule 4(a)(3)'s extension of the time for the filing of a notice of appeal applies where, not later than 10 days after receipt by mail of a copy of the judgment, a party files a motion that seeks reconsideration of the judgment. Such a conclusion is wrong because HRAP Rule 4(a)(3) clearly specifies that its extension of the time for the filing of a notice of appeal applies only where "not later than 10 days after entry of judgment, any party files a motion that seeks to reconsider, vacate, or alter the judgment[.]"

HFCR Rule 6 states, in relevant part, as follows:

**RULE 6. TIME**

(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday or a holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday or a holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and holidays shall be excluded in the computation. As used in this rule, "holiday" includes any day designated as such pursuant to section 8–1 of the Hawai'i Revised Statutes.

. . . .

(e) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 2 days shall be added to the prescribed period.

HFCR Rule 54(a) (Supp.2004) states, in relevant part, as follows: " 'Judgment' as used in these rules includes a decree and any order from which an appeal lies."

It appears that counsel for Artis concludes that HFCR Rule 6(e) adds two days to the "10 days after entry of judgment" allowed by HRAP Rule 4(a)(3) to file "a motion that

seeks to reconsider, vacate, or alter the judgment[.]" Such a conclusion is wrong because HRAP Rule 4(a)(3) expressly allows only "not later than 10 days after entry of judgment[.]" Whether and when a copy of the judgment is served on the losing party has no effect on that requirement.

## CONCLUSION

Accordingly, for lack of appellate jurisdiction, we dismiss the appeal from the July 19, 2002 "Order Granting Motion for Post Decree Relief Filed June 3, 2002".

We affirm the August 22, 2002 "Order Denying Plaintiff Zacker's [sic] Motion for Reconsideration of Order Granting Post Decree Relief Filed July 19, 2002".