**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000539
15-OCT-2025
07:55 AM
Dkt. 43 SO**

NO. CAAP-23-0000539

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KIRI KAMAKANI KAʻILI ALOHA MALAMA STROBEL,
Plaintiff-Appellee, v.
BENNETT JOSEPH STROBEL, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO.1DV201007112)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, McCullen and Guidry, JJ.)

**Bennett** Strobel was married to **Kiri** Strobel. Bennett appeals from the September 6, 2023 *Amended Divorce **Decree*** entered by the Family Court of the First Circuit.[1] We affirm.

Bennett is in the United States Army. His anticipated *disposable retired pay*[2] is marital partnership property. Howell v. Howell, 581 U.S. 214, 215-16 (2017) (stating that 10 U.S.C. § 1408(c)(1) authorizes a state court to treat disposable retirement pay "as community property"). The Decree awarded Kiri "50% of the Marital Portion of [Bennett]'s disposable retired pay."

Should Bennett elect to receive tax-free Department of Veterans Affairs (**VA**) disability benefits, he would have to waive

---

[1]     The Honorable Dyan M. Medeiros presided.

[2]     The term is defined in 10 U.S.C. § 1408(a)(4). It is based on years of service and rank at retirement.

an equivalent amount of disposable retired pay.  See 10 U.S.C. § 1408(a)(4)(A)(ii).  VA benefits are not divisible in a divorce case.  Jones v. Jones, 7 Haw. App. 496, 499, 780 P.2d 581, 584 (1989).  Nor is the waived portion of disposable retirement pay divisible.  Howell, 581 U.S. at 216 (citing Mansell v. Mansell, 490 U.S. 581, 594-95 (1989)).  So if Bennett waived some disposable retired pay to receive VA disability benefits, Kiri's share of his disposable retired pay would proportionately decrease.

The Decree denied Kiri spousal support.  But the Family Court reserved jurisdiction to modify support "if [Bennett] obtains some form of benefit that reduces [Kiri]'s share of his military pension (longevity pay) and that reduction results in [Kiri] needing spousal support at that time."  The Decree provided that Kiri's remarriage "shall not be a bar to invoking the Court's jurisdiction."

Bennett contends that revisiting spousal support after reduction in his disposable retired pay is barred by federal law. He challenges these conclusions of law by the Family Court:

> 30.   To the extent that a unilateral election by [Bennett] could cause [Kiri] to be unable to support herself, it is just and equitable that [Kiri] have the right to make a claim for an appropriate award of spousal support. [Bennett] will have the right to defend against any such claim should it arise in the future.
>
> 31.   Accordingly, pursuant to [Hawaii Revised Statutes (**HRS**)] § 580-47, there is good cause to reserve jurisdiction over the issue of whether [Kiri] should be awarded spousal support in the future.  This reservation of jurisdiction only applies if [Bennett] obtains some form of benefit that reduces [Kiri]'s marital share of his disposable retired pay and that reduction results in [Kiri] needing spousal support at that time.  [Kiri] shall be required to file a motion invoking the Court's jurisdiction within six (6) months of any decrease in her payment amount. [Kiri] shall be required to prove that she should be awarded spousal support under applicable caselaw and HRS § 580-47. [Kiri] shall only be awarded an amount of spousal support necessary under applicable law.  [Kiri] shall not simply be awarded an amount equivalent to the reduction in her marital share of [Bennett]'s retirement benefit.
>
> 32. Remarriage shall not be a bar to invoking the Court's jurisdiction.  The Court may, however, consider

> [Kiri]s remarriage, if any, in its spousal support analysis to the extent allowed by Hawaiʻi law.

We review the Family Court's conclusions of law de novo under the right/wrong standard. <u>Jacoby v. Jacoby</u>, 150 Hawaiʻi 158, 165, 498 P.3d 689, 696 (2021).

In <u>Howell</u> the Supreme Court held that a state court may not increase the non-veteran former spouse's share of the veteran former spouse's disposable retired pay to indemnify the loss caused by the waiver. 581 U.S. at 216. However, the Court also noted:

> a family court, when it first determines the value of a family's assets, remains free to take account of the contingency that some military retirement pay might be waived, or, as the petitioner himself recognizes, take account of reductions in value when it calculates or recalculates the need for spousal support.

<u>Id.</u> at 222. <u>Accord</u>, <u>Hamilton v. Hamilton</u>, 138 Hawaiʻi 185, 209, 378 P.3d 901, 925 (2016) (acknowledging that "the need for spousal support will be related to the property division").

That is what the Family Court did here. It acted within the law and its discretion. And it included protections for Bennett consistent with <u>Howell</u>. For example, the Decree cited HRS § 580-47 and stated that Kiri "shall only be awarded an amount of spousal support necessary under applicable law. [Kiri] <u>shall not</u> simply be awarded an amount equivalent to the reduction in her share of [Bennett]'s retirement benefit."

Bennett also contends the Family Court erred by retaining jurisdiction over spousal support even if Kiri remarries. Continuance of spousal support after remarriage is authorized under HRS § 580-51(a) (2018). The Decree provided that the Family Court "may . . . consider [Kiri]'s remarriage, if any, in its spousal support analysis to the extent allowed by Hawaiʻi law." The Family Court's retention of jurisdiction over support after remarriage was consistent with <u>Howell</u> and HRS §§ 580-47 (2018 & Supp. 2023) and 580-51 (2018). <u>See</u> <u>Jacoby</u>, 150 Hawaiʻi at 166, 498 P.3d at 697 (stating that "HRS § 580-47(a)

specifically provides that '[t]he court may order support and maintenance to a party for an indefinite period or until further order of the court'" (underscoring omitted)).

Bennett argues that the Family Court abused its discretion by "subvert[ing] federal law concerning a military retiree's benefits." His opening brief states: "The family court judge's desire to impose her will over the will of Congress cannot ever be 'good cause' for anything." Thomas D. **Farrell** signed the brief. Farrell is cautioned to comply with Rule 3.5(b) of the Hawaiʻi Rules of Professional Conduct, and to heed Comment [2] ("The advocate's function is to present evidence and argument so that the cause may be decided according to law. Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants.").

The September 6, 2023 *Amended Divorce Decree* is affirmed.

DATED: Honolulu, Hawaiʻi, October 15, 2025.

On the briefs:

Thomas D. Farrell,
for Defendant-Appellant.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge