**615 A.2d 277**

MICHAEL INSERRA, PLAINTIFF–RESPONDENT, v. ROSEMARY INSERRA, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 30, 1992—Decided October 30, 1992.

Before Judges ANTELL, DREIER and VILLANUEVA.

*Anthony J. Marinello* argued the cause for appellant (*Soriano, Henkel, Biehl, Matthews and Marinello*, attorneys; *Frederick C. Biehl*, III, on the brief).

*Melinda L. McAllister* argued the cause for respondent. The opinion of the court was delivered by

ANTELL, P.J.A.D.

The parties were divorced by judgment dated April 19, 1990. On May 10, 1990, defendant (former wife) moved for an award of counsel fees based upon the respective needs and resources of the parties. She contended that her salary as a hospital nurse did not allow for the payment of the more than $40,000 in counsel fees and experts fees incurred in connection with the divorce proceedings. Defendant's application was not decided until March 25, 1991, ten and one-half months later, when by order of that date the Family Part granted an award in defendant's favor for attorneys' fees in the amount of $13,000 and costs in the amount of $3,175.50, a total of $16,175,50. On December 31, 1990, three months prior to the grant of attorneys' fees and costs, defendant remarried.

On May 16, 1991, plaintiff (former husband) moved to modify the March 25, 1991, order by reducing or eliminating his obligation to pay the award of counsel fees and costs. The basis of his application was the fact that defendant's new husband was a wealthy physician earning approximately $250,000 a year so that the newly married couple was enjoying a combined income of $300,000. Against this, plaintiff asked the court to consider that he too had remarried, but that he enjoys a combined income with his new wife of only $50,000 a year. By order of August 9, 1991, the trial court vacated that part of its prior order of March 25, 1991, requiring plaintiff to pay the $13,000 counsel fee. On November 12, 1991, the court amended the August 9, 1991, order to relieve plaintiff also from the duty to pay costs. Defendant appeals from those orders.

In reversing the award of attorneys' fees, the court in its August 9, 1991, order stated that:

having considered whether the original award of counsel fees dated March 25, 1991, was part of a support award or an equitable distribution award, relative to the Judgment of Divorce, and the Court finding that the award of counsel fees is more like equitable distribution because attorneys' fees are debt and the allocation of attorneys' fees is an allocation of liability, and under the circumstances, relief from an allocation of attorneys' fees is based on *R.* 4:50–1(f) relief from final judgment or Order, the Court finds that the Defendant, ROSEMARY INSERRA, has remarried a wealthy man whose financial support of her, releases her own income of $45,000.00, and this is an extraordinary circumstance, warranting a modification of the Court's prior counsel fee award . . .

As we observed in *Connor v. Connor,* 254 *N.J.Super.* 591, 601, 604 *A.*2d 158 (App.Div.1992), relief from a judgment of equitable distribution under *R.* 4:50–1(f) is not available "absent exceptional and compelling circumstances" (citing *Schwartzman v. Schwartzman,* 248 *N.J.Super.* 73, 77, 590 *A.*2d 246 (App.Div.), *certif. denied* 126 *N.J.* 341, 598 *A.*2d 897 (1991) (citing *Baumann v. Marinaro,* 95 *N.J.* 380, 392, 471 *A.*2d 395 (1984)); *Castiglioni v. Castiglioni,* 192 *N.J.Super.* 594, 471 *A.*2d 809 (Ch.Div.1984)). We there specifically noted that the standard applicable under *R.* 4:50–1(f) "is quite different from the changed circumstances standard of *Lepis v. Lepis,* 83 *N.J.* 139, 145–49, 416 *A.*2d 45 (1980), which only applies to the

modification of support," *id.,* and expressly held that "a change in financial circumstances standing alone does not satisfy the *R.* 4:50–1(f) standard." *Id.* But, as noted *infra,* we parenthetically question whether the order presented is akin in all respects to one for equitable distribution. *See DiGiacomo v. DiGiacomo,* 256 *N.J.Super.* 404, 607 *A.*2d 186 (App.Div.1992).

For purposes of this case, it suffices to say that an award of counsel fees and a judgment for equitable distribution are alike in that both constitute leviable judgments. Like any other money judgment, both are subject to the rule of finality and both are modifiable only under the standard of *R.* 4:50–1(f), not the rule of changed circumstances recognized in *Lepis v. Lepis, supra.* While it is feasible to apply the rule of changed circumstances to determine the amount of future support and alimony payments, it is impossible to apply it to a fixed present obligation which has been reduced to judgment. To do so would provoke endless litigation, for with each change of circumstances the parties could reopen the question of allocating counsel fees, and, depending on how the court decides, monies previously paid by one party might have to be returned to the other, *ad infinitum.* Thus, if for some unforeseeable reason the comfortable circumstances of defendant herein should deteriorate and plaintiff's materially improve, under the ruling below plaintiff could be called upon to re-assume the counsel fee obligation, perhaps in an amount even greater than that previously imposed. Such a result would offend every settled policy touching upon the finality of judgments. We conclude that, as with all other money judgments, the duty to pay an award of counsel fees should not be linked to the vicissitudes of the respective parties' financial circumstances.

Although not necessary to this opinion, we observe that even if the rule of changed circumstances were applied herein, no changed circumstances existed in this case. At the time plaintiff moved to modify the attorneys' fees award, on May 16,

1991, defendant had already been married for four and a half months.

We also note, but find inapplicable, our recent opinion in *DiGiacomo v. DiGiacomo, supra.* There we held that the duty to pay counsel fees derives from the obligation of one spouse to pay for the "necessaries" of the other and is therefore in the nature of support and alimony. *Id.* at 411, 607 *A.*2d 186. That determination was made within the context of a proceeding to decide whether an award of attorneys' fees was dischargeable in bankruptcy under the language of 11 *U.S.C.A.* § 362(b)(2), stating that the automatic stay provision in bankruptcy cases does not apply to actions to "collect [ ] alimony, maintenance or support from property that is not property of the estate." *Id.* at 408, 607 *A.*2d 186. That issue has no bearing upon the question of the finality of a counsel fee award or its modifiability under *R.* 4:50–1(f).

The orders of August 9, and November 12, 1991, modifying the trial court's previous order of March 25, 1991, are reversed.