282 N.J. Super. 524 (1995)
660 A.2d 1214
PETRA TORWICH (N/K/A ABROM), PLAINTIFF-APPELLANT,
v.
WALTER TORWICH, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted June 13, 1995.
Decided July 3, 1995.
*525 Before Judges MICHELS, STERN and KEEFE.
John T. Discepolo, attorney for appellant (James Logan, Jr., former attorney; Michael S. Rothmel, of counsel and on the brief).
Stuart Alterman, attorney for respondent (Mr. Alterman, on the brief).
The opinion of the court was delivered by STERN, J.A.D.
Plaintiff appeals from a post-judgment order entered on March 14, 1994, denying her motion "to adjust equitable distribution of the military pension or vacate Judgment regarding equitable distribution." We believe that the motion judge inappropriately exercised her discretion in denying plaintiff's application, and remand for a plenary hearing.
The judgment of divorce was entered on March 8, 1988, following a trial before Judge Dominick J. Ferrelli. Judge Ferrelli awarded plaintiff "22.75% of Husband's disposable retired pay upon his retirement from the U.S. Army plus cost of living increases on said portion as they are received by way of equitable distribution of Husband's military pension." The final judgment also provided, in paragraph 10, that:

*526 It is the Court's intention that the within award of pension by way of equitable distribution shall be based upon the percentage herein set forth of Husband's retirement pension less only Federal, State, or local Income Taxes properly withheld required by law in amounts not greater than Husband claiming all dependents to which he is entitled, with no additional reductions from said retired pay.
When defendant retired in December 1991, the Department of Defense commenced paying 22.75% of defendant's pension to plaintiff pursuant to the Uniformed Services Former Spouses' Protection Act, 10 U.S.C.A. § 1408.
After retiring, defendant applied for service-related disability benefits. On May 13, 1992, he was awarded a disability benefit in the amount of $342 per month. Because defendant cannot receive "full payment of both service retired pay and VA compensation," the amount of defendant's retirement pay had to be reduced by the amount of his disability payments. Defendant's disability pay was increased to $502 per month effective December 1, 1992.[1]
Defendant's "retired pay" was reduced by the amount of his disability award. Accordingly, plaintiff's 22.75% share of defendant's pension was reduced from $249 per month to $97 per month. Plaintiff, thereafter, filed a motion to require defendant to pay her the $152 monthly difference between what she received before and after defendant commenced receipt of disability benefits. In plaintiff's words:
Since that time defendant has made an application to the military to reallocate part of his retirement pay as disability making same tax free to him and at the same time reducing the portion that is allocated as retirement pay upon which the 22.75% Order was based and now has reduced the payment I receive for equitable distribution to approximately $97.00 per month or approximately $23.00 per week. I ask that he be required to pay directly the sum of $152.00 per month as additional equitable distribution to give effect to the original equitable distribution Order as he continues to receive the same gross pension but now must pay even less taxes on same with the greater allocation of the same amount as disability giving him an even greater net pay than that upon which the original Judgment for Divorce was based.
Plaintiff sought relief under R. 4:50-1(f). In response, defendant contended that plaintiff was aware of his physical disabilities *527 prior to the divorce trial, that equitable distribution was premised on retirement pay, that there was no "fraud, mistake or misrepresentation," which had to be proved, and that plaintiff was not entitled to share in defendant's disability benefits under federal law.
In denying relief, the motion judge (not Judge Ferrelli) relied upon Schwartzman v. Schwartzman, 248 N.J. Super. 73, 77, 590 A.2d 246 (App.Div.), certif. denied, 126 N.J. 341, 598 A.2d 897 (1991), in which we held that relief can be obtained under R. 4:50-1(f) "only if the party requesting it can demonstrate that enforcement of the order would be unjust, oppressive or inequitable." See also Rosen v. Rosen, 225 N.J. Super. 33, 36, 541 A.2d 716 (App.Div.), certif. denied, 111 N.J. 649, 546 A.2d 558 (1988).
In concluding that plaintiff did not "demonstrate that enforcement of the order would be unjust, oppressive or inequitable," the judge found:
First of all, what has happened here is that the defendant has taken advantage of a service-connected disability and has applied to the Veterans Administration for an award.
........
In addition, this may well have been a situation that should have been anticipated by the plaintiff. The certification of the defendant is uncontroverted that he discussed these matters with the plaintiff at the time that they were married, and that she was aware of them and they could have been matters brought before the Court during the time of trial.
........
The plaintiff has made no showing in this case of fraud or misconduct on the part of the defendant.
........
This is not a bogus claim ... Further, there is an indication in the papers and the uncontroverted certification of the defendant that the plaintiff knew he had problems and could have well anticipated it. And accordingly, the plaintiff's application for relief is denied.
The judge also noted that plaintiff's percentage of defendant's retirement pay has "remained constant."
In Schwartzman, we did indicate that relief cannot be afforded under R. 4:50-1(f) when "events [] should have been in contemplation of the parties as possible contingencies when they entered *528 into" their property settlement agreement. Schwartzman, supra, 248 N.J. Super. at 78, 590 A.2d 246 (citation omitted). There, we held that the husband's "lack of foresight is not an exceptional circumstance beyond his control." Ibid. Similarly, in Rosen, we found that there were no extraordinary circumstances warranting relief by modification of the agreement which was incorporated into the judgment. See Rosen, supra, 225 N.J. Super. at 37, 541 A.2d 716.
Here, there was no property settlement agreement, and the equitable distribution was ordered by the trial court after a plenary trial. In determining equitable distribution at the time of trial, Judge Ferrelli awarded plaintiff 22.75% of defendant's "disposable retired pay" and any subsequent increases in his military pension.[2] In the context of the litigated divorce proceedings, we must presume that plaintiff had no way of negotiating or contracting for the possibility that defendant's retirement benefits, or "disposable retired pay," would be reduced when and if defendant applied for disability benefits. Moreover, it appears that Judge Ferrelli determined to provide plaintiff with a percentage of benefits defendant was to receive from the federal government upon his retirement. The form of those payments were not dispositive. See also Connor v. Connor, 254 N.J. Super. 591, 598, 604 A.2d 158 (App.Div. 1992) (applying "changed circumstances" to the alimony but not the equitable distribution portion of judgment, and preserving the latter although in different form).[3]
In Mansell v. Mansell, 490 U.S. 581, 583, 109 S.Ct. 2023, 2025, 104 L.Ed.2d 675, 682 (1989), the United States Supreme Court held that the Uniform Services Former Spouses Protection Act "does not grant state courts the power to treat as property divisible upon divorce military retirement pay waived by the *529 retiree in order to receive veterans' disability benefits." However, that does not mean that other adjustments to the judgment cannot be made when such disability payments commence and reduce one spouse's receipts from his or her share of the other spouse's pension or retirement benefits. See Clauson v. Clauson, 831 P.2d 1257 (Alaska 1992); McMahan v. McMahan, 567 So.2d 976 (Fla. Dist. Ct. App. 1990).
In Clauson, the Supreme Court of Alaska granted relief from a final judgment in similar circumstances, and held that "federal law does not preclude [state] courts from considering, when equitably allocating property upon divorce, the economic consequences of a decision to waive military retirement pay in order to receive disability pay." Clauson, supra, 831 P.2d at 1264. In these circumstances, the judgment must be reconsidered to perfect an equitable distribution. See McMahan, supra.
Defendant's waiver of pension monies while receiving disability pay had a substantial adverse impact on plaintiff's equitable distribution. Accordingly, we are satisfied that "exceptional and compelling circumstances" require an award to plaintiff of an increased percentage of defendant's remaining pension payments or some other adjustment to the equitable distribution, as a result of defendant's receipt of disability pay. See Schwartzman, supra, 248 N.J. Super. at 77, 590 A.2d 246 (quoting Baumann v. Marinaro, 95 N.J. 380, 392, 471 A.2d 395 (1984)).
Defendant also argues that he has new obligations of which the trial judge would have been unaware at the time the judgment was entered. These factors can be considered at the plenary hearing on the merits of plaintiff's application.
The order denying plaintiff's application is reversed, and the matter is remanded for further consideration consistent with this opinion.
NOTES
[1] The initial increase was reduced by withholding part of the retirement pay received for the same period. The VA disability is tax exempt while retirement pay is taxable.
[2] We have not been presented with a copy of the trial transcript.
[3] We are not dealing with an application to reduce alimony or support based on early retirement for which only a showing of "changed circumstances" is required. See Deegan v. Deegan, 254 N.J. Super. 350, 352, 603 A.2d 542 (App.Div. 1992). See also Schwartzman, supra, at 78, 590 A.2d 246.