NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3134-14T4

RONALD ATLAK,

 Plaintiff-Respondent,

v.

MARIE FUCCILLI-ATLAK,

 Defendant-Appellant.
_________________________________

 Submitted September 13, 2016 – Decided March 24, 2017

 Before Judges Koblitz, Rothstadt and Sumners.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Monmouth
 County, Docket No. FM-13-257-14.

 Shamy, Shipers and Lonski, P.C., attorneys for
 appellant (Robert J. MacNiven, of counsel and
 on the briefs).

 Edward Fradkin, attorney for respondent.

PER CURIAM

 Defendant Marie Fuccilli-Atlak appeals the February 2, 2015

order denying her Rule 4:50-1(f) motion to vacate a judgment of

divorce (JOD), or in the alternative, to modify the marital
settlement agreement (MSA) incorporated into the JOD. For the

reasons that follow, we affirm.

 I.

 Plaintiff Ronald Atlak and defendant were married for almost

ten years when he filed a complaint for divorce on August 15,

2013, alleging irreconcilable differences. Their union produced

two children, who were eleven and six years old, at the time of

the filing.

 On August 7, 2014, the parties attended a mandatory pre-trial

settlement conference at which they resolved their property and

child custody issues, without the judge's1 participation. Counsel

advised the family court coordinator that they reached a

settlement, but they did not place the agreement terms on the

record. The parties were told to appear for an uncontested hearing

on September 23 to dissolve the marriage.

 The next day, in accordance with the settlement, the parties

approved the marital home's listing with a realtor, and plaintiff

borrowed money from his pension and mailed a check for $22,198.87

to the bank's lawyer to bring the mortgage current in order to

1
 The judge was tied-up with another matter, and she did not enter
the order that is being appealed.

 2 A-3134-14T4
sell the home.2 Plaintiff's attorney subsequently drafted an MSA

memorializing the settlement, which was faxed and sent by regular

mail to defendant's attorney on August 19, 2014.

 On or about September 2, however, after a disagreement over

custody arrangements, defendant pulled the marital home off the

market over plaintiff's objections. At the uncontested hearing

three weeks later, Judge Leslie-Ann M. Justus was advised that the

parties had not signed the MSA.3 Plaintiff's attorney reported

that, almost a month before the hearing, defendant's attorney told

him over the telephone that there were some minor language changes

to the MSA, but did not request the changes be made prior to the

hearing. The court adjourned the hearing to allow the parties

time to resolve their differences. The judge directed defendant's

attorney to write a letter to plaintiff's attorney detailing

defendant's concerns.

 Defendant's subsequent letter requested material alterations

and additional provisions to the MSA. In turn, plaintiff filed a

motion to enforce the proposed MSA based upon the agreement reached

by the parties at the settlement conference, or in the alternative,

2
 This check was lost in the mail, and a new check was reissued.
3
 What transpired is gleaned from the parties' briefs because no
transcripts have been provided regarding the appearance.

 3 A-3134-14T4
to conduct a Harrington4 hearing to determine whether the parties

had reached an agreement sufficient to enforce the MSA.

Plaintiff's supporting certification claimed that a settlement was

reached. Defendant opposed the motion, explaining the parties

reached a tentative agreement subject to plaintiff exhibiting the

same care and concern for the children as she does.5

 Following oral argument on October 31, Judge Justus issued

an order granting plaintiff's motion to enforce the MSA terms.

The comprehensive order detailed the parties' arguments and their

supporting certifications, relevant portions of prior court

orders, and the judge's legal analysis. The judge also attached

her findings of fact and conclusions of law to the order. Judge

Justus rejected defendant's argument that the August 7 settlement

conference produced a tentative agreement conditioned on

plaintiff's conduct with respect to the children. She found

defendant failed to certify that no agreement was reached, but in

fact acknowledged that there was an agreement. The judge therefore

determined there was "no factual dispute that the parties had

4
 Harrington v. Harrington, 281 N.J. Super. 39 (App. Div.),
certif. denied, 142 N.J. 455 (1995).
5
 Defendant also filed a cross-motion to compel compliance with
previous court orders. The judge denied the motion based on the
finding that the MSA replaced the obligations addressed in those
prior orders.

 4 A-3134-14T4
settled this matter." The judge found that the MSA prepared by

plaintiff's counsel and forwarded to defendant's counsel,

accurately memorialized the parties' agreement as evidenced by the

attorneys' handwritten term sheet and notes from the settlement

conference. She also reasoned that the parties' partial

performance of the agreement's obligations,6 and defendant's

complaint that plaintiff failed to perform other obligations,

demonstrated an agreement was reached. Consequently, a plenary

hearing under Harrington was unwarranted. The judge also granted

plaintiff's request to compel defendant to pay $2280 for his

counsel fees and costs associated with filing the motion. An

uncontested hearing was scheduled for November 17.

 Defendant unsuccessfully sought to adjourn the uncontested

hearing so that she could file a motion for reconsideration of the

October 31 order enforcing the MSA, or in the alternative, to

amend the MSA. Noting that no motion had been filed, Judge Justus

proceeded with the hearing and entered a dual JOD that incorporated

the MSA.

 On December 15, forty-five days after the October 31 order

enforcing the MSA was entered, defendant filed a Rule 4:50-1(f)

6
 As noted, the marital home was placed on the market, and in order
to sell the property, plaintiff borrowed money and sent a check
to pay-off the mortgage arrears.

 5 A-3134-14T4
motion to vacate the JOD on the basis that it incorporated a MSA

that was not agreed to, or in the alternative, amend the MSA to

address thirteen property and child care issues. Plaintiff opposed

and filed a cross-motion, seeking counsel fees for responding to

defendant's motion, and to enforce the MSA. Argument was heard

on January 31, 2015.

 On February 2, Judge Justus denied defendant's motion to

vacate in a comprehensive order detailing her reasoning. The

judge initially stated that "portions of defendant's current

[motion to vacate were] actually requests for the [c]ourt to

reconsider portions of its October 31 [order]," and found that

defendant's motion was filed beyond the Rule 4:49-2 twenty-day

time limit for reconsideration. The judge next determined that

defendant had not articulated any exceptional and compelling

circumstances required by Rule 4:50-1(f) to justify either

vacating the JOD or modifying the MSA. The judge explained why

she was rejecting each issue raised by defendant to revise the

MSA. Finally, defendant was ordered to pay plaintiff's counsel

fees totaling $3280, because she "exhibited bad faith in her

prosecution of the current motion" by raising issues she could

have raised earlier, effectively making an untimely motion for

reconsideration, and taking positions contrary to her claims in

her earlier certifications.

 6 A-3134-14T4
 On March 13, defendant filed a notice of appeal from the

November 17 and February 2 orders. However, on May 4, we dismissed

defendant's appeal of the November 17 order as untimely, and

allowed the appeal of the February 2 order to proceed, "solely as

to the order denying the motion to vacate per Rule 4:50-1(f), and

in all other respects, [] dismiss[ing the appeal] because the

February 2 [] order [was] otherwise interlocutory."

 Defendant presents the following points of argument:7

 POINT I

 PLAINTIFF FAILED TO PERFORM A CONDITION
 PRECEDENT AND THEREFORE THE [MARTRIMONIAL
 SETTLEMENT] AGREEMENT BETWEEN THE PARTIES WAS
 VOID.

 POINT II

 THE TERMS SET FORTH IN THE MARTRIMONIAL
 SETTLEMENT AGREEMENT WERE NOT AGREED UPON BY
 THE DEFENDANT.

7
 In her reply brief, defendant argues that pursuant to Willingboro
Mall, Ltd. v. 240/242 Franklin Ave., L.L.C., 215 N.J. 242, 263
(2013), as applied to matrimonial matters by Minkowitz v. Israeli,
433 N.J. Super. 111, 140 (App. Div. 2013), the settlement is void
because there is no signed MSA. Since this argument was raised
for the first time in her reply brief, it is not properly before
us. N.J. Citizens Underwriting Reciprocal Exch. v. Kieran Collins,
D.C., LLC, 399 N.J. Super. 40, 50 (App. Div.), certif. denied, 196
N.J. 344 (2008). Yet, for the reasons discussed below, the
argument has no merit and there is no need to consider it to
prevent an unjust result per Rule 2:10-2. Alpert, Goldberg,
Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510, 543
(App. Div. 2009).

 7 A-3134-14T4
 POINT III

 PLAINTIFF'S FRAUD IN THE INDUCEMENT IS A BASIS
 FOR RELIEF FROM THE FINAL JUDGMENT.

 POINT IV

 ATTORNEY'S FEES.

 II.

 Initially, we note that this court "will decline to consider

questions or issues not properly presented to the trial court when

an opportunity for such a presentation is available unless the

questions so raised on appeal go to the jurisdiction of the trial

court or concern matters of great public interest." Zaman v.

Felton, 219 N.J. 199, 226-27 (2014) (quoting Nieder v. Royal Indem.

Ins. Co., 62 N.J. 229, 234 (1973)). An issue not argued in a

brief filed with the trial court is deemed abandoned. Noye v.

Hoffmann-La Roche Inc., 238 N.J. Super. 430, 432 n.2 (App. Div.),

(citing In re Bloomingdale Conval. Ctr., 233 N.J. Super. 46, 48

n.1 (App. Div. 1989) (stating that when an "issue has not been

briefed, we will not decide it")), certif. denied, 122 N.J. 146

(1990), and certif. denied, 122 N.J. 147 (1990).

 Here, our review of the record reflects that the arguments

defendant raises in Points I and III were not presented to the

trial court in her motion to vacate. There is no mention of either

argument in defendant's brief or certification, or during the

 8 A-3134-14T4
motion's oral argument. Defendant's contentions addressed the

revisions she sought to the MSA.

 In fact, during argument, Judge Justus noted that the motion

was based on Rule 4:50-1(f), and had nothing to do with Rule 4:50-

1(c), which allows for a judgment to be vacated on the basis of

"fraud, . . . misrepresentation, or other conduct of the adverse

party." The judge stated, "[t]here's no fraud, there's no

misrepresentation" by plaintiff. Defendant did not object, or

argue the issue of fraud, when the judge made the comment. Thus,

we decline to consider the arguments.

 Moreover, we conclude the arguments lack merit. To determine

whether the parties reached an agreement, this court must consider

"whether there was sufficient credible evidence to support the

trial court's finding." N.J. Div. of Youth & Family Servs. v.

M.C. III, 201 N.J. 328, 342 (2010). Due to the special expertise

in family matters, we must "defer to the [family] court's

determinations 'when supported by adequate, substantial, credible

evidence.'" New Jersey Div. of Child Prot. & Permanency v. Y.A.,

437 N.J. Super. 541, 546 (App. Div. 2014) (citing N.J. Div. of

Youth & Family Servs. v. I.Y.A., 400 N.J. Super. 77, 89 (App. Div.

2008) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998))).

 With respect to contractual conditions precedent, our

Supreme Court has stated:

 9 A-3134-14T4
 The intention of the parties controls in the
 making and in the construction of contracts.
 The parties may make contractual liability
 dependent upon the performance of a condition
 precedent . . . . Generally, no liability can
 arise on a promise subject to a condition
 precedent until the condition is met . . . .
 A condition in a promise limits the
 undertaking of the promisor to perform, either
 by confining the undertaking to the case where
 the condition happens, or to the case where
 it does not happen.

 [Duff v. Trenton Beverage Co., 4 N.J. 595,
 604-05 (1950).]

 The record before us is devoid of any indication that there

was a condition precedent to carrying out the MSA. In support of

finding the parties reached a settlement, Judge Justus found that

both parties performed material parts of the MSA – defendant listed

the marital home for sale, and plaintiff brought the mortgage

account current. Accordingly, defendant's own partial performance

negates her assertion that performance of the MSA was subject to

an unmet condition precedent.

 We further agree with the trial judge's determination that

Harrington did not require a hearing to determine the existence

of an MSA. In Harrington, there was no partial performance of an

essential settlement term that evidenced the existence of an

agreement between the parties, as in this case. The record

supported the judge's finding that there was no factual dispute

that the parties reached a binding agreement. Thus, there is no

 10 A-3134-14T4
reason to disturb any of the orders that a binding MSA resulted

from the August 7, 2014 court appearance based upon defendant's

contention that there was a condition precedent to the MSA and

fraud in the inducement to entering the MSA.

 Next, we address Judge Justus' order denying defendant's Rule

4:50-1(f) application to vacate the JOD based upon its inclusion

of the MSA. Parties to a divorce proceeding may apply for vacation

of an order finding the existence of an MSA. See Connor v. Connor,

254 N.J. Super. 591, 601 (App. Div. 1992). Subsection (f) of Rule

4:50-1 provides a catch-all provision that authorizes a court to

relieve a party from a judgment or order for "any other reason

justifying relief from the operation of the judgment or order."

The essence of subsection (f) is to achieve equity and justice in

exceptional situations that cannot be easily categorized. DEG,

LLC v. Twp. of Fairfield, 198 N.J. 242, 269-70 (2009) (citing

Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). Therefore,

in order for relief under the rule to be granted, the movant "must

show that the enforcement of the order would be unjust, oppressive

or inequitable." Quagliato v. Bodner, 115 N.J. Super. 133, 138

(App. Div. 1971).

 A judge's decision under Rule 4:50-1(f) will not "be

overturned unless there was a clear abuse of discretion."

Schwartzman v. Schwartzman, 248 N.J. Super. 73, 77 (App. Div.),

 11 A-3134-14T4
certif. denied, 126 N.J. 341 (1991). There is "an abuse of

discretion when a decision is 'made without a rational explanation,

inexplicably departed from established policies, or rested on an

impermissible basis.'" Ibid. (quoting Iliadis v. Wal-Mart Stores,

Inc., 191 N.J. 88, 123 (2007)).

 Applying these principles, we conclude that Judge Justus did

not abuse her discretion in denying defendant's relief under Rule

4:50-1(f) to vacate the JOD by finding the parties reached a

binding MSA. Defendant has failed to show any compelling and

exceptional circumstances that the judge should not have found the

parties' entered into an MSA.

 The remaining issue raised by defendant concerning attorney

fees is without sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 12 A-3134-14T4