# RECORD IMPOUNDED

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0238-13T2

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

      Plaintiff-Respondent,

v.

Y.A.,

      Defendant-Appellant.

_____

IN THE MATTER OF R.A., I.A., S.A.,
and Y.A.,

      Minors.

_____

> **APPROVED FOR PUBLICATION**
>
> **November 3, 2014**
>
> **APPELLATE DIVISION**

Submitted: October 28, 2014 — Decided: November 3, 2014

Before Judges Reisner, Haas and Higbee.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FN-07-400-10.

Joseph E. Krakora, Public Defender, attorney for appellant (Beth Anne Hahn, Designated Counsel, on the briefs).

John J. Hoffman, Acting Attorney General, attorney for respondent (Andrea M. Silkowitz, Assistant Attorney General, of counsel; Diane L. Scott, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor R.A. (Lisa M. Black, Designated Counsel, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors I.A., S.A. and Y.A. (Todd Wilson, Designated Counsel, on the brief).

The opinion of the court was delivered by

HAAS, J.A.D.

In this appeal, we address the issue of whether N.J.S.A. 9:6-8.46(a)(4) requires that the in camera testimony of a child victim of sexual abuse be independently corroborated in order to prove abuse or neglect under Title 9. N.J.S.A. 9:6-8.21 to -8.73. Based upon our review of the record and applicable law, we hold that the corroboration requirement of the statute does not apply where the child victim testifies to the abuse at a fact-finding hearing. We therefore affirm the trial judge's finding that the Division of Child Protection and Permanency (Division) met its burden of proving that defendant Y.A. committed an act of sexual abuse against his daughter, R.A.

I.

In May 2010, when R.A. was fourteen years old, she "gave her teacher a letter" stating that one day, when she was getting out of the shower and wearing only a towel, defendant came into the bathroom and "wanted to put lotion on her." The child stated defendant then rubbed the lotion on her legs and then "pressed on her vagina." R.A. told defendant that "it hurt"

and that she could put the lotion on herself. R.A. did not know the specific date on which this incident occurred, but estimated it happened sometime between 2008 and 2009.

Later that night, R.A. and defendant were playing the word game "hangman" and defendant spelled out "can I play with your stuff again." A third incident occurred in June 2009, when R.A.'s mother, Q.B., was in the hospital giving birth to R.A.'s youngest sibling. That night, R.A. remembered going to bed with her underwear on and defendant getting into the bed with her. When R.A. awoke, she was no longer wearing her underwear. R.A. stated in the letter that she "wants to die and run away."

The school notified the Division, and a caseworker interviewed R.A. At the fact-finding hearing, the caseworker testified that, during this interview, R.A. repeated the allegations set forth in the letter. Q.B. agreed to a safety plan under which defendant would not be permitted to live in the home. Five days later, however, Q.B. contacted the Division to request that R.A. be removed from the home "before she gets put out." Q.B. stated that R.A. said she was going to run away and threatened to kill herself. The child went missing that night, but appeared at school the following day. At that point, Q.B. took her to a hospital crisis center. When R.A. was discharged, the Division conducted an emergency removal of the child

pursuant to N.J.S.A. 9:6-8.29 and 8.30; assumed custody and supervision of R.A.; and placed the child in an approved resource home.

A licensed clinical social worker conducted an evaluation of R.A. in preparation for the fact-finding hearing. The social worker testified that R.A. told her that "her father touched her vaginal area, putting lotion on her. Following that he had -- they were playing a game of hangman. He said, can I touch your stuff again? She reported she was hurt 'cause this is supposed to be her father." R.A. also stated that defendant got into bed with her one night and, when she woke up, she was no longer wearing her underwear.

R.A. testified in camera in the trial judge's chambers and the attorneys were permitted to submit questions, which the judge screened and then posed to R.A.[1] The child testified that defendant touched her in a "sexual manner" in her "vagina area." This incident occurred when R.A. got out of the shower and defendant touched her vagina while applying lotion. The child stated that, after she asked defendant to stop, "he got up and I saw his penis erect." Later that day, R.A. testified defendant

---

[1] Under Rule 5:12-4(b), a trial judge may permit a child's testimony to be "taken privately in chambers." On appeal, defendant has not challenged the judge's decision to permit R.A. to testify in camera.

told her, "I want to play with your stuff." The child also recounted the incident where defendant got into bed with her and "I woke up with my panties off."

In response to the attorneys' questions, R.A. struggled to provide specific dates for the three incidents. She believed the first two incidents occurred on the same day sometime in 2008, but she could not remember the date. The third incident took place in June 2009. R.A. also explained that the letter she gave to her teacher about the incidents was part of a journal she kept.

Defendant did not testify at the hearing. An investigator from the Public Defender's Office testified on defendant's behalf. The investigator stated that defendant was in jail from January 2008 through October 2008.

At the conclusion of the hearing, the judge issued a thorough oral opinion. The judge relied upon R.A.'s testimony in finding that defendant abused her, and made detailed credibility findings concerning the child's testimony. The judge stated that R.A. was "an extremely reluctant witness[, who] sat in the chair practically curled up in a ball." The child began to cry as she talked about the first incident and, "[b]y the time she got to the second incident, tears were pouring down her cheek. . . . [Y]ou could hear the anger in her

voice when she talked about" defendant. The judge noted that R.A. "didn't remember dates[,]" but attempted to be responsive to the attorneys' requests for same.

The judge further explained:

> I found [R.A.] to be credible. I found that . . . she was forthcoming, that she was reluctant, that she did not want to talk about this, that she was very emotionally traumatized by the events that she described. Particularly the allegation here is sexual abuse, but it -- it's very difficult to say. This was attempted sexual abuse. This was sexual abuse by even asking your biological daughter to allow you to touch her stuff.
>
> . . . I find that what you really see by these notes is how troubled [R.A.] is by an incident that admittedly had taken place probably at least a year before. And I think it's likely that . . . she was emotionally harmed by this. And she certainly was placed at serious risk of harm by a father that would ask a child to allow him to fondle her private parts.

This appeal followed.

## II.

On appeal, defendant argues that the judge erred by finding that he abused R.A. He asserts that R.A.'s statements were not corroborated and, therefore, there was insufficient evidence in the record to support the judge's finding. We disagree.

In pertinent part, N.J.S.A. 9:6-8.21(c)(4) defines an "abused or neglected child" as:

a child whose physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as the result of the failure of his parent or guardian . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or substantial risk thereof, including the infliction of excessive corporal punishment; or by any other acts of a similarly serious nature requiring the aid of the court[.]

Our review of the trial judge's factual finding of abuse or neglect is limited; we defer to the court's determinations "'when supported by adequate, substantial, credible evidence.'" N.J. Div. of Youth & Family Servs. v. I.Y.A., 400 N.J. Super. 77, 89 (App. Div. 2008) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)). The trial court is best suited to assess credibility, weigh testimony and develop a feel for the case, and we extend special deference to the Family Part's expertise. N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 342-43 (2010); Cesare, supra, 154 N.J. at 413.

Unless the trial judge's factual findings are "so wide of the mark that a mistake must have been made" they should not be disturbed, even if we would not have made the same decision if we had heard the case in the first instance. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citation and internal quotation marks omitted). "It is not our place to

second-guess or substitute our judgment for that of the family court, provided that the record contains substantial and credible evidence to support" the judge's decision. N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448-49 (2012). A finding of abuse or neglect must be based on the preponderance of the evidence. N.J. Div. of Youth & Family Servs. v. G.M., 198 N.J. 382, 398 (2009); N.J.S.A. 9:6-8.46(b).

Here, there is ample evidence in the record to support the judge's conclusion that defendant abused R.A. The child provided credible testimony detailing the three incidents of abuse. R.A. consistently stated that defendant touched her vagina while applying lotion to her; asked her later that day if he could "touch [her] stuff again?"; and got into bed with her on another occasion where the child woke up to find she was no longer wearing underwear. While the child was not able to provide the specific dates on which all three incidents occurred, the judge specifically found that this failure was of no moment given the overall credibility of the child's testimony. "Because a trial court 'hears the case, sees and observes the witnesses, [and] hears them testify,' it has a better perspective than a reviewing court in evaluating the veracity witnesses." Pascale v. Pascale, 113 N.J. 20, 33 (1988) (quoting Gallo v. Gallo, 66 N.J. Super. 1, 5 (App. Div. 1961)

(alteration in original)). Applying this standard, we discern no basis for disturbing the judge's reasoned credibility determinations.

Contrary to defendant's contention, R.A.'s statements did not need to be "corroborated" in order to be considered as proof of abuse or neglect. In pressing this argument, defendant mistakenly relies upon N.J.S.A. 9:6-8.46(a)(4), which provides that "previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence; provided, however, that no such statement, if uncorroborated, shall be sufficient to make a fact finding of abuse or neglect." (Emphasis added). Thus, this statute permits third parties, such as Division caseworkers, foster parents, police officers, or hospital personnel, to testify concerning out-of-court statements made to them by a child who has allegedly been abused. See, e.g., N.J. Div. of Youth & Family Servs. v. L.A., 357 N.J. Super. 155, 161-62 (App. Div. 2003); N.J. Div. of Youth & Family Servs. v. Z.P.R., 351 N.J. Super. 427, 430-31 (App. Div. 2002).

Because the child is not testifying at trial, however, the statute requires that the child's "previous statements" be corroborated. N.J.S.A. 9:6-8.46(a)(4). "The most effective types of corroborative evidence may be eyewitness testimony, a

confession, an admission or medical or scientific evidence. However, corroborative evidence need not relate directly to the accused. By its nature, corroborative evidence 'need only provide support for the out-of-court statements.'" L.A., supra, 357 N.J. Super. at 166 (quoting Z.P.R., supra, 351 N.J. Super. at 436)).

In this case, however, R.A. testified in camera and responded to all of the questions posed to her by the parties' attorneys. Rather than the Division relying upon her "previous statements," the child described the allegations of abuse in person. Her testimony was subjected to the rigors of cross-examination and her presence at the fact-finding hearing permitted the judge to assess her demeanor and credibility. Under these circumstances, we conclude that N.J.S.A. 9:6-8.46(a)(4) is inapplicable. To construe the statute otherwise would mean that a child who, as here, is capable of coming to court and testifying would be defenseless against her abuser unless the Division could produce independent corroboration for the child's testimony. That result would be completely at odds with the purpose of Title 9 to protect children from abuse. We therefore reject defendant's argument on this point.

## III.

**[At the court's direction, Section III of its opinion, which concerns discrete issues, has been redacted from the published opinion because it does not meet the criteria set by Rule 1:36-2(d) for publication.]**

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION