# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5418-18T2

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

    Plaintiff-Respondent,

v.

M.D.G.,

    Defendant-Appellant,

and

J.M.P., J.C.G. and F.E.,

    Defendants.

_____

IN THE MATTER OF S.P., L.G.
and S.G., Minors.

_____

Submitted October 20, 2020 – Decided November 24, 2020

Before Judges Gilson and Moynihan.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FN-09-0172-19.

Joseph E. Krakora, Public Defender, attorney for appellant (Robyn A. Veasey, Deputy Public Defender, of counsel; Cecilia M.E. Lindenfelser, Designated Counsel, on the brief.)

Gurbir S. Grewal, Attorney General, attorney for respondent (Sookie Bae, Assistant Attorney General, of counsel; Kelsey Nicole Shamblin, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Meredith Alexis Pollock, Deputy Public Defender, of counsel; Dana Citron, Designated Counsel, on the brief).

PER CURIAM

M.D.G. (Mark) appeals from an order finding that he abused or neglected three children when he engaged in an illegal drug transaction and possessed illegal drugs while the children were in his care and in close proximity to the transaction and drugs. He argues that there was insufficient evidence for the family court to find that the children were in substantial risk of harm. We disagree and affirm.

I.

The facts were established at an evidentiary hearing where five witnesses testified: a worker for the Division of Child Protection and Permanency

2

(Division), three police officers, and J.P. (Josie), the mother of the children. Mark did not testify and called no witnesses.

Josie is the mother of S.P. (Sasha), who was born in February 2011, L.J. (Larry), who was born in July 2015, and S.G. (Star), who was born in April 2017. Mark is the father of Larry and Star.[1]

On August 22, 2018, Mark had Sasha, Larry, and Star with him while he was driving his car. At that time, Sasha was seven, Larry was three, and Star was one. Mark stopped the car, went into a house, leaving the children in the car, and returned several minutes later. The house was under surveillance by the police because they suspected illegal drug activity was being conducted in the house. Accordingly, a police officer observed Mark enter and leave the house.

When Mark drove away, the police stopped the car on suspicion that Mark had just engaged in an illegal drug transaction. The police also noted that the car had tinted windows. Mark admitted to the police officer who stopped his vehicle that he had sold cocaine and marijuana to persons at the house. Mark

---

[1] We use initials and fictitious names to protect the privacy interest and confidentiality of the record. See R. 1:38-3(d)(12).

consented to a search of the car and the police found cocaine and marijuana in the center console of the car.

At least two police officers observed Sasha, Larry, and Star in the back seat of the vehicle after it was stopped. Sasha and Larry were not wearing seatbelts and Star was in a car seat that had not been properly secured.

Mark was arrested and charged with possession of cocaine and marijuana, possession with intent to distribute cocaine and marijuana, and endangering the welfare of children. The Division was notified and conducted an investigation. The Division worker testified that Mark admitted to her that he was stopped by the police while the children were in the car and while he possessed illegal drugs.

After hearing the testimony and reviewing the evidence, the family court found Mark had placed the children at a substantial risk of harm by engaging in an illegal drug transaction and possessing illegal drugs while the children were in his care and in close proximity to the transaction and drugs. The court took note of the "inherent dangers in bringing young children to a drug transaction." The court also pointed out that Mark had failed to exercise a minimum degree of care because his illegal activity resulted in a foreseeable police motor vehicle stop that could have turned violent and exposed the children to a risk of harm. In that regard, the court noted that the car had tinted windows that might have

inhibited the police from seeing the children. Accordingly, the court found that Mark abused or neglected the children in violation of N.J.S.A. 9:6-8.21(c).

## II.

On appeal, Mark argues that there was insufficient evidence to find that he placed the children in imminent risk of harm. He contends that there was no showing that the house or neighborhood were in a high-crime area, the children could access the console where the drugs were found, and the car's tinted windows placed the children at substantial risk of harm. Thus, Mark argues that the family court failed to properly analyze whether he violated the minimum degree of care standard. We disagree.

The scope of our review of an appeal from an order finding abuse or neglect is limited. N.J. Div. of Child Prot. & Permanency v. Y.A., 437 N.J. Super. 541, 546 (App. Div. 2014) (citing N.J. Div. of Youth & Fam. Servs. v. I.Y.A., 400 N.J. Super. 77, 89 (App. Div. 2008)). We will uphold the family court's factual findings and credibility determinations if they are supported by "adequate, substantial, and credible evidence[.]" N.J. Div. of Youth & Fam. Servs. v. G.L., 191 N.J. 596, 605 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)). Accordingly, we will only overturn the court's findings if they "went so wide of the mark that the judge was clearly

mistaken." Ibid. (citing In re J.T., 269 N.J. Super. at 188-89). We do not, however, give "special deference" to the family court's interpretation of the law. D.W. v. R.W., 212 N.J. 232, 245 (2012) (citing N.J. Div. of Youth & Fam. Servs. v. I.S., 202 N.J. 145, 183 (2010)). Consequently, we apply a de novo standard of review to legal issues. Id. at 245-46 (citing Balsamides v. Protameen Chems., Inc., 160 N.J. 352, 372 (1999)).

The adjudication of abuse or neglect is governed by Title 9, which is designed to protect children. N.J.S.A. 9:6-1 to -8.114. A child is abused or neglected if:

> [a] parent or guardian . . . creates or allows to be created a substantial or ongoing risk of physical injury to such child by other than accidental means which would be likely to cause death or serious or protracted disfigurement, or protracted loss or impairment of the function of any bodily organ . . . or a child whose physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as the result of the failure of his parent or guardian . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or substantial risk thereof . . . .
>
> [N.J.S.A. 9:6-8.21(c).]

The statute does not require the child to suffer actual harm. See N.J.S.A. 9:6-8.21(c)(4). Instead, abuse or neglect is established when a child's "physical,

6

mental, or emotional condition has been impaired or is in imminent danger of becoming impaired[.]" Ibid. When there is an absence of actual harm, but there exists a substantial risk of harm or imminent danger, the court must consider whether the parent exercised a minimum degree of care under the circumstances. N.J. Div. of Youth & Fam. Servs. v. S.I., 437 N.J. Super. 142, 153-54 (App. Div. 2014) (citations omitted).

The failure to exercise a "'minimum degree of care' refers to conduct that is grossly or wantonly negligent, but not necessarily intentional." G.S. v. Dep't of Hum. Servs., 157 N.J. 161, 178 (1999) (citation omitted). "Conduct is considered willful or wanton if done with the knowledge that injury is likely to, or probably will, result." Ibid. (citing McLaughlin v. Rova Farms, Inc., 56 N.J. 288, 305 (1970)). A parent fails to exercise a minimum degree of care if, despite being "aware of the dangers inherent in a situation," the parent "fails adequately to supervise the child or recklessly creates a risk of serious injury to that child." Id. at 181 (citation omitted).

The Division must prove by a preponderance of the competent, material, and relevant evidence that a child is abused or neglected. N.J.S.A. 9:6-8.46(b). That burden of proof requires the Division to demonstrate a "'probability of present or future harm' to the minor child." S.I., 437 N.J. Super. at 153-54

(quoting N.J. Div. of Youth & Fam. Servs. v. S.S., 372 N.J. Super. 13, 24 (App. Div. 2004)). Title 9 cases are fact-sensitive, and "the trial court must base its findings on the totality of the circumstances." N.J. Div. of Youth & Fam. Servs. v. V.T., 423 N.J. Super. 320, 329 (App. Div. 2011) (citation omitted). "A court 'need not wait to act until a child is actually irreparably impaired by parental inattention or neglect.'" N.J. Dep't of Child. & Fams. v. A.L., 213 N.J. 1, 23 (2013) (quoting In re Guardianship of D.M.H., 161 N.J. 365, 383 (1999)).

The family court found that, while the children were with and in the care of Mark, Mark engaged in an illegal drug transaction and possessed illegal drugs. Those facts are all supported by substantial credible evidence in the record. Indeed, those facts were uncontroverted.

Those facts establish that Mark placed the children at substantial risk of imminent harm. Mark knew that he was engaging in illegal activities and that he could be stopped and arrested for those activities. Indeed, that is exactly what happened. Such illegal activities placed the children in substantial and imminent risk of harm. The drug transaction could have gone awry, leaving the children unattended in a car or, potentially, involved in a violent incident. As our Supreme Court noted in State v. Spivey, "[f]irearms have become ubiquitous in the world of illegal drug activity. Dealers are armed to protect themselves from

law enforcement officers, from other dealers and from their customers." 179 N.J. 229, 240 (2004) (quoting Report to the Governor by the Attorney General on the Need to Update the Comprehensive Drug Reform Act of 1987 (Dec. 9, 1996)). There was, therefore, a substantial risk that the danger inherent in Mark's illegal activities could spill outside of the surveilled house, regardless of whether or not he intended that to happen. See, e.g., State v. Stubbs, 433 N.J. Super. 273, 276-78 (App. Div. 2013) (involving armed home invaders seeking drugs and money of drug dealing defendant, while only his wife and children were home).

Moreover, the illegal drugs in the car were unsecured and the children could have accessed and ingested the drugs. These potential risks are not speculations; rather, they are foreseeable risks, and Mark failed to exercise a minimum degree of care to guard against exposing the children to those serious risks. Consequently, Mark acted recklessly by placing the children in such a situation.

The family court also appropriately considered that two of the children were unrestrained in the car and the youngest child was in an unsecured car seat. There is no dispute that Mark was driving the car and that unrestrained children in a car are at risk of serious injury if the car had to make a sudden stop or was

9

in an accident. Such actions by Mark were not merely negligent, they were grossly or wantonly negligent.

We reject Mark's argument that the family court relied on general observations that were not supported by evidence at the hearing. While the court noted the inherent dangers in drug transactions and the possibility of injury when the police stopped the car, it also made specific findings concerning the children's proximity to the illegal drug transaction and the illegal drugs.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5418-18T2