**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0435-19T4

S.I.,

    Plaintiff-Respondent,

v.

M.I.,

    Defendant-Appellant.

_____

Submitted December 9, 2020 – Decided January 27, 2021

Before Judges Alvarez and Sumners.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0735-17.

M.I., pro se appellant.

S.I., pro se respondent.

PER CURIAM

This appeal requires us to determine whether the Family Part erred in granting plaintiff's[1] motion to amend the custody and parenting time agreement ("CPTA" or "agreement") regarding custody of their disabled daughter, M.I. (Mindy). The fully executed agreement was submitted to the court by defendant's attorney and incorporated into the June 4, 2019 final judgment of divorce (FJOD). Judge Noah Franzblau decided that a CPTA provision stating plaintiff would care for Mindy every other weekend was left in the agreement by clerical error and should be removed. Thus, plaintiff would have no visitation with Mindy and defendant would have full-time physical custody of her. We affirm substantially for the reasons expressed by the judge in his cogent written decision.

It is well-recognized that "Family Part judges are frequently called upon to make difficult and sensitive decisions regarding the safety and well-being of children." Hand v. Hand, 391 N.J. Super. 102, 111 (App. Div. 2007). Thus, our review of a judge's determination in custody and parenting-time matters is limited. We "defer to the [family judge's ] determinations 'when supported by adequate, substantial, credible evidence.'" N.J. Div. of Child Prot. &

_____

[1] We use initials and a pseudonym to protect the identity of the parties' child. R. 1:38-3(d)(17).

A-0435-19T4

Permanency v. Y.A., 437 N.J. Super. 541, 546 (App. Div. 2014) (citing N.J. Div. of Youth & Family Servs. v. I.Y.A., 400 N.J. Super. 77, 89 (App. Div. 2008) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998))). To determine whether the parties reached an agreement, this court must consider "whether there was sufficient credible evidence to support the trial [judge's] finding." N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 342 (2010). A plenary hearing "is required when the submissions show there is a genuine and substantial factual dispute regarding the welfare of the children, and the trial judge determines that a plenary hearing is necessary to resolve the factual dispute." Hand v. Hand, 391 N.J. Super. at 105 (citing Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976)). See also Lepis v Lepis, 83 N.J. 139, 159 (1980) (holding that "a party must clearly demonstrate the existence of a genuine issue as to a material fact before a hearing is necessary," and noting that "[w]ithout such a standard, courts would be obligated to hold hearings on every modification application"). We owe no special deference for the judge's legal determinations. Slawinski v. Nicholas, 448 N.J. Super. 25, 32 (App. Div. 2016).

There is no merit in defendant's argument that Judge Franzblau erred in changing the parties' custody arrangement for Mindy that was set forth in the CPTA incorporated into the FJOD. He argues the CPTA is binding because it

was signed by the parties and there was no "fraud, duress, other invalidating factors[]" involved in its submission. Noting the CPTA states the parties have read it, defendant argues plaintiff has not proven "either mutual mistake or unilateral mistake induced by the other amounting to fraud[.]"

Judge Franzblau's decision to amend the CPTA was based upon credible evidence: emails between the parties' attorneys showing that a redlined version of the agreement would include no parenting time of the daughter for plaintiff; defense counsel's submission to the court on May 15, 2019 of a signed and executed agreement reflecting the changes discussed in the email; and his prior experience with the parties that gave him insight regarding the plan that defendant maintain sole physical custody of Mindy. Prior to the parties' entry into the CPTA, the judge wrote, plaintiff had no parenting time because she admittedly was unable to care for her daughter.

The judge dismissed defendant's contentions stating

> . . . he generally just seeks to enforce the language of the CPTA attached to the June 4, 2019 FJOD, so as to require . . . [p]laintiff take [Mindy] to provide him with a respite from [Mindy's] care. Defendant provides no explanation and does not deny that the executed agreement provided by his attorney to the court on May 15, 2019 was the final negotiated document. He provides no evidence that the CPTA was renegotiated between May 15 and May 21, 2019[,] at which time the parties' entered into the [memorandum of

4

understanding] MOU settling the remaining terms of their divorce, which was adopted within the parties' June 4, 2019 FJOD. He provides no certification from his prior attorney confirming that the May 15, 2019 CPTA that was submitted to the court was renegotiated subsequent thereto.

The judge reasoned:

In this case, the final executed CPTA was submitted to the court by [d]efendant's own counsel on May 15, 2019, which version contains no parenting time for [p]laintiff. There is material and uncontroverted evidence that the parties exchanged redline drafts of the CPTA a few days before signing the May 15, 2019 document that removed [p]laintiff's parenting time. Defendant provides not a scintilla of evidence to demonstrate that the parties renegotiated the CPTA between May 15 and May 21, 2019 when the parties entered into the MOU that settled the remainder of the divorce or prior to June 4, 2019[,] when the parties finalized their divorce and submitted the original CPTA to the court. The court therefore declines to hold a plenary hearing, as there is no material issue of fact presented as to what the parties intended or that the submission of the CPTA version on May 15 was the correct version and the June 4 version was an incorrect (prior) version. The FJOD is hereby amended to include the executed version of the CPTA that was provided to the court by [d]efendant's counsel on May 15, 2019.

The question before us is not one of contract interpretation, as defendant contends. Rather, we must determine which of the two different CPTAs submitted to the judge should be enforced. Nonetheless, while defendant is

correct that there needs to be a mutual mistake for contract rescission, the motion proofs suggest that there was. The parties negotiated and signed a CPTA, stating plaintiff had no custody arrangements with Mindy, which defense counsel presented as the purported final version to the judge on May 15, 2019. Another CPTA signed by the parties, stating plaintiff had custody of Mindy every other weekend, was later submitted by defense counsel to the judge with a proposed FJOD. With no evidence that defendant repudiated the CPTA his counsel initially submitted or renegotiated its terms before the submission of a second CPTA for the May 21, 2019 hearing, we can only conclude the later submission was a mutual mistake.

In sum, both parties were given an opportunity at the motion hearing to present evidence regarding which of the two CPTAs represented the final agreement. There was no need for a plenary hearing because defendant presented no genuine issue of material fact in support of his position. Hand v. Hand, 391 N.J. Super. at 105. The judge's reasoning in granting plaintiff's motion was sound. Defendant cannot compel plaintiff to take custody of their daughter.

A-0435-19T4

To the extent that any arguments raised by defendant have not been explicitly addressed in this opinion, it is because we are satisfied they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0435-19T4